[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Donald P. Guerrini, an attorney admitted to the Connecticut Bar, appeals pursuant to Practice Book § 2-38, a decision of the defendant, statewide grievance committee, reprimanding him for a violation of Rule 3.6 of the Rules of Professional Conduct. The statewide grievance committee, pursuant to Practice Book § 2-33, is authorized to decide complaints of attorney misconduct.
At the outset, the court notes the standard of review for statewide grievance committee decisions. While the Uniform Administrative Procedure Act ("UAPA"), General Statutes § 4-166 et seq. does not apply to the statewide grievance committee, the same principles as to the scope of judicial review are applicable. Pinsky v. Statewide Grievance Committee,216 Conn. 228, 234 (1990). In reviewing the decision of the statewide grievance committee, the court does not take on the function of a fact finder. Somers v. Statewide Grievance Committee, 245 Conn. 277, 290
(1998). Rather, the court's "role is limited to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct. . . ." (Citation omitted; internal quotation marks omitted.) Weiss v. Statewide Grievance Committee, 227 Conn. 802, 812
(1993).
Additionally, allegations of attorney misconduct must be proven by clear and convincing evidence. Statewide Grievance Committee v.Presnick, 215 Conn. 162, 171-72 (1990). "The burden is on the statewide grievance committee to establish the occurrence of an ethics violation by clear and convincing evidence. . . ." (Citation omitted.) Weiss v.CT Page 4784Statewide Grievance Committee, supra, 227 Conn. 812. "Clear and convincing proof denotes a degree of belief that lies between the belief that is required to find the truth or existence of the fact in issue in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. . . . The burden is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist." (Brackets omitted; citations omitted; internal quotation marks omitted.) Yamin v. Statewide Grievance Committee, 53 Conn. App. 98,100-01 (1999); see Dacey v. Connecticut Bar Assn., 170 Conn. 520, 537
(1976).
A complaint against the plaintiff was filed on November 4, 1998 by Christopher L. Fulton. The complaint addressed a statement made by the plaintiff to the media regarding a pending civil lawsuit long before any potential trial date. On December 28, 1998, the Hartford-New Britain judicial district grievance panel found probable cause that the plaintiff violated Rules 1.6 and 3.6 of the Rules of Professional Conduct. A reviewing committee, on April 8, 1999, commenced a hearing at which Fulton and the plaintiff appeared and were heard in argument.
The reviewing committee, in a proposed decision issued on March 31, 2000, made the following finding and conclusions. Fulton is the litigation management counsel for Red Roof Inn. The plaintiff was defense counsel for Red Roof Inn. A civil lawsuit was commenced by Shawn Ervin against Red Roof Inn, in which Ervin alleged that he sustained injuries to his finger while a guest at the Inn. In his civil complaint, Ervin alleged that the headboard to the bed in his room fell on him while he was engaging in sexual activity with his girlfriend. As its principal defense, Red Roof Inn denied that the above incident occurred but set forth a special defense of contributory negligence.
Without consulting with or obtaining Fulton's position, the plaintiff made statements to the media, which were published, regarding the underlying civil lawsuit. Specifically, the plaintiff was quoted by the media as stating "that in order for the headboard to fall there had to be some serious acrobatics taking place." (Return of Record ("ROR"), Item 16.) Based on that statement, additional media publicity ensued.
According to Fulton, the plaintiff's statements to the media compromised the underlying defense, namely that in focusing the blame on Ervin the plaintiff did not properly characterize the principal defense that the incident did not occur. According to the plaintiff, he did inform the newspaper reporter that the incident never happened and that his comments to the press were essentially the substance of his answer CT Page 4785 and special defense. The plaintiff also asserted that the information disclosed regarding the defense was a matter of public record.
Based on these facts, the reviewing committee found that the plaintiff violated the Rules of Professional Conduct by clear and convincing evidence:[1]
 The Respondent knew or reasonably should have known that his extrajudicial statement that in order for the headboard to fall there had to be some serious acrobatics taking place would have a substantial likelihood of materially prejudicing an adjudicative proceeding in violation of Rule 3.6 of the Rules of Professional Conduct. Under the facts and circumstances that apply to this case, the Respondent's characterization of the defense and the words selected in his statements to the media had a substantial likelihood of materially prejudicing the civil proceeding. The Respondent's statement elaborated on the general nature of the defense and information contained in the court record. Pursuant to Practice Book § 2-37, this reviewing committee hereby reprimands the Respondent and orders the Respondent to attend a continuing legal education course in legal ethics within six months of the date of this decision. . . .
(Emphasis in original.) (ROR, Item 16.)
In his appeal, the plaintiff argues that statewide grievance committee's legal conclusion that the plaintiff violated Rule 3.6 of the Rules of Professional Conduct is not supported by clear and convincing evidence.
Rule 3.6 of the Rules of Professional Conduct, entitled "Trial Publicity, " provides: "(a) A lawyer shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding." Rule 3.6 applies to lawyers in both criminal and civil proceedings. G. Hazard, Jr., The Law of Lawyering (3rd Ed. 2001) § 32.2, p. 32-4. Before a lawyer can be disciplined for extrajudicial statements about pending judicial proceeding, three conditions must be met. First, the statement must be one that a reasonable person would "expect" to be publicized by the media. Second, the lawyer must "know" or "reasonably know" that its dissemination will CT Page 4786 have a "substantial likelihood" of prejudicing the proceeding. Third, the prejudice must be "material." G. Hazard, Jr., The Law of Lawyering (3rd
Ed. 2001) § 32.5, p. 32-9.
The United States Supreme Court in Gentile v. State Bar of Nevada,501 U.S. 1030, 115 L.Ed.2d 888, 111 S.Ct. 2720 (1991), held that the "substantial likelihood of material prejudice" standard constituted a constitutionally permissible balance between the First Amendment rights of attorneys in pending cases and the state's interest in fair trials. "The "substantial likelihood' test . . . is constitutional . . . for it is designed to protect the integrity and fairness of a State's judicial system, and it imposes only narrow and necessary limitations on lawyer's speech. The limitations are aimed at two principal evils: (1) comments that are likely to influence the actual outcome of the trial, and (2) comments that are likely to prejudice the jury venire, even if an untainted panel can ultimately be found." Id., 1075.
The court has reviewed the statewide grievance committee's decision and concludes that the statewide grievance committee's legal conclusions are not supported by factual findings so as to meet due process requirements. "Because a license to practice law is vested property interest, an attorney subject to discipline is entitled to due process of law. Statewide Grievance Committee v. Shluger, 230 Conn. 668, 675,646 A.2d 781 (1994)." (Quotation marks omitted.) Statewide GrievanceCommittee v. Egbarin, 61 Conn. App. 445, 456 (2001). Due process mandates that the statewide grievance committee "state the reasons for its decision and the evidence upon which it relied. The statement of reasons and a fair summary of the evidence relied upon need not reflect the polish of a judicial opinion. Reasoned and fair decisionmaking, not technical finesse, is guaranteed by the due process standard of the state and federal constitution. Conclusory language, however, will not suffice. . . ." (Citation omitted.) Lee v. Bristol Board of Education,181 Conn. 69, 80 (1980).
In the present case, the statewide grievance committee failed to state its reasons for its decision and the evidence upon which it relied on in making its decision. For example, the statewide grievance committee cited no evidentiary basis for its finding that the plaintiff "knew or reasonably should have known" that his extrajudicial statement would have a substantial likelihood of materially prejudicing an adjudicative proceeding. See, e.g., Rules of Professional Conduct, Terminology. Furthermore, the statewide grievance committee cited no evidentiary basis for its finding that the plaintiff's statements to the media had a "substantial likelihood of materially prejudicing the civil proceeding."
While the court cannot substitute its judgment for that of the CT Page 4787 statewide grievance committee, the court notes that the statewide grievance committee may have difficultly finding that the plaintiff's statement to the press made several years prior to trial would have a substantial likelihood of materially prejudicing an adjudicative proceeding.
Based on the foregoing, the plaintiff's appeal is sustained and the case is remanded for further proceedings in accordance with this decision.
Owens, J.