[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff, an attorney, appeals from the decision of the Statewide Grievance Committee (hereinafter "Committee") which reprimanded him for violating Rule 1-8 (a) of the Rules of Professional Conduct.
The Uniform Administrative Procedure Act does not apply to the Committee, but the same principals as to the scope of CT Page 7110 judicial review are applicable. Pinsky v. Statewide GrievanceCommittee, 216 Conn. 228, 234 (1990). In reviewing the decision of the Committee the trial court does not take the function of a fact finder. "Rather, our role is limited to reviewing the record to determine if the facts as found are supported by the evidence and whether the conclusions are legally and logically correct." (Internal quotation marks and citations omitted.) Weiss v.Statewide Grievance Committee, 227 Conn. 802, 812 (1993).
The appeal is taken pursuant to Practice Book Section 27N. Section 27N(d) provides that such an appeal shall be conducted by the court without a jury and shall be confined to the record.
Rule of Professional Conduct 1.8(a)(4) provides in pertinent part:
Rule 1.8 Conflict of Interest: Prohibited Transactions
 (a) A lawyer shall not enter into a business transaction with a client or former client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client or former client unless:
 (4) With regard to a business transaction, the lawyer advises the client or former client in writing either (i) that the lawyer will provide legal services to the client or former client concerning the transaction, or (ii) that the lawyer will not provide legal services to the client or former client and that the lawyer is involved as a business person only and not as a lawyer representing the client or former client and that the lawyer is not one to whom the client or former client can turn for legal advice concerning the transaction.
The Plaintiff represented the grievant, and his wife, in an Internal Revenue Service (IRS) dispute. In order to secure an outstanding balance of his legal fee, and continuing services, the Plaintiff took a $10,000 note and mortgage from his clients. The relationship between Plaintiff and his clients eventually broke down and a dispute arose over the outstanding legal fee. Plaintiff has initiated an action to collect his note. The grievant alleged that the fee was excessive, but the Committee CT Page 7111 was unable to conclude by clear and convincing evidence that the fee was improper. The Committee ordered the Plaintiff to submit the fee dispute to arbitration. The Plaintiff in this appeal challenges the arbitration order.
It is undisputed that Plaintiff did take a note and mortgage from his clients and failed to notify them in writing as required by Rule 1.8(a)(4).[1]
The dispositive issue in this case is whether a note and mortgage taken to secure a fee come within the ambit of Rule 1.8(a). This is an issue of first impression for the courts of this State.
The issue is not whether an attorney may take a note and mortgage from a client to secure a fee. That is specifically allowed under appropriate circumstances. (See Connecticut Bar Association Informal Opinion 97-4, March 4, 1997.) New York State Bar Association Committee on Professional Ethics Opinion 550 (1982); Vermont Bar Association Committee on Professional Responsibility Formal Opinion 87-13 (1987). ABA Informal Opinion 593 (1992).
The issue is whether such practice is subject to the business transaction requirements of Rule 1.8(a). The court finds the issue for the Committee.
Prior to the Rules of Professional Conduct the Code of Professional Responsibility controlled the basic ethical standards.[2]
The code of Professional Responsibility contained a business transaction rule, which was expanded by the Rules of Professional Conduct to include "knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client. . . ." The note and mortgage certainly constitute a security interest adverse to the client.
Plaintiff argues that in view of authority in other states distinguishing mortgages from business transactions (New York State Bar Opinion #550 (1983)), Maine Professional Ethics Opinion No. 144 (1994) and the absence of Connecticut authority or opinions;[3] that his actions should not be subject to reprimand. CT Page 7112
It is not a defense to an ethical violation that the attorney did not act in bad faith or intend to violate the code. InPatterson v. Council on Probate Judicial Conduct, 215 Conn. 553,567 (1980), it was found that scienter is not essential for the occurrence of an ethical violation. "Judges no less than lawyers are chargeable for deviations from the codes governing their conduct, even though the application of the canons to particular circumstances may not be readily apparent." Patterson v. Councilon Probate Judicial Conduct, supra, 215 Conn. at 567. Also see,In re. Zoarski, 227 Conn. 784, 791 (1993), and Grievance Committeev. Rottner, 152 Conn. 59, 65-66 (1964). Recently our Supreme Court reaffirmed this principle, In re Flanagan, 240 Conn. 157,183: "A judge may be sanctioned for a wilful violation of one of the canons of judicial conduct for which he is sanctioned whether or not he knows that he violates the rule." (Internal quotation marks and citations omitted.)
The Plaintiff's claim that his violation is merely technical, fails under a similar analysis. The rule adopted in Connecticut (unlike the Model Code) specifically requires written notice. It is not the function of the court to change the rule by waiving such express requirement.
The plaintiff's attack on the fee arbitration order also fails. The Committee under § 27M.1 is empowered to impose various sanctions and conditions including § 27.M.1.6 "an order to submit to fee arbitration."
A review of the options available to the Committee undercuts Plaintiff's claim that a 1.5 unreasonable fee sanction must precede such order. The commentary on Rule 1.5 suggests that fee disputes are properly before the fee arbitration process.[4]
The Appeal is dismissed.
McWEENY, J.