PAUL J. YAMIN *v.* STATEWIDE GRIEVANCE
COMMITTEE
(AC 17969)

O'Connell, C. J., and Lavery and Hennessy, Js.

Argued December 3, 1998—officially released April 27, 1999

*Christopher G. Blanchard*, assistant bar counsel, for the appellant (defendant).

*Paul J. Yamin*, pro se, the appellee (plaintiff).

*Opinion*

O'CONNELL, C. J. The defendant appeals from the judgment of the trial court sustaining the plaintiff's appeal from the reprimand issued by the defendant. On appeal, the defendant claims that the trial court improperly substituted its judgment for that of the defendant in concluding that there did not exist clear and convincing evidence that the plaintiff violated rule 8.4 (4) of the Rules of Professional Conduct.[1] We affirm the judgment of the trial court.

The record discloses the following pertinent facts. The plaintiff is an attorney licensed to practice law in the state of Connecticut. In February, 1995, Mary Beth Ali filed a complaint against the plaintiff with the grievance panel in the judicial district of Waterbury. The panel referred the complaint to the defendant. Prior to the hearing on the complaint, Ali submitted additional information that she had been approached by the plaintiff's client, Brian McDonald, who gave her two documents prepared by the plaintiff. The first document was an irrevocable assignment of interest to Ali in a personal injury claim being pursued by the plaintiff on behalf of

---

[1] Rule 8.4 of the Rules of Professional Conduct provides in relevant part: "It is professional misconduct for a lawyer to . . .

"(4) Engage in conduct that is prejudicial to the administration of justice . . . ."

McDonald. The second document was a letter to be signed by Ali that stated that she wanted to withdraw her grievance complaint. On the basis of that additional information, the defendant found that the plaintiff had violated rule 8.4 (4) and issued a reprimand.[2] The plaintiff appealed the reprimand to the Superior Court. In December, 1997, the trial court sustained the appeal. The defendant thereafter filed the present appeal.

The defendant claims that there was clear and convincing evidence that the plaintiff's preparation of the irrevocable assignment of interest and the withdrawal letter was "prejudicial to the administration of justice." See footnote 1. It also claims that the trial court had improperly substituted its judgment for that of the defendant. We are not persuaded.

"[I]n reviewing a decision of the statewide grievance committee to issue a reprimand, neither the trial court nor this court takes on the function of a fact finder. Rather, our role is limited to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct. . . . Additionally, in a grievance proceeding, the standard of proof applicable in determining whether an attorney has violated the [Rules] of Professional [Conduct] is clear and convincing evidence. . . . The burden is on the statewide grievance committee to establish the occurrence of an ethics violation by clear and convincing proof." (Internal quotation marks omitted.) *Somers* v. *Statewide Grievance Committee*, 245 Conn. 277, 290, 715 A.2d 712 (1998); see Practice Book § 2-38 (f). "[C]lear and convincing proof denotes a degree of belief that lies between the belief that is required to find the truth or existence of the [fact in issue] in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. . . .

---

[2] The defendant's review committee did not find any other violations.

[The burden] is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist." (Internal quotation marks omitted.) *Wildwood Associates, Ltd.* v. *Esposito*, 211 Conn. 36, 42, 557 A.2d 1241 (1989).

The trial court determined that there was sufficient evidence to support the defendant's finding that the plaintiff had prepared the letter and assignment of interest. The court adduced, however, that there was insufficient support in the record to conclude that by preparing these documents the plaintiff had attempted to persuade Ali to withdraw her grievance complaint. The court concluded, therefore, that the defendant had failed to establish an ethical violation by clear and convincing proof.

The defendant claims that the trial court substituted its judgment for that of the defendant because there was substantial evidence that the plaintiff had attempted to induce Ali to withdraw her grievance. The only evidence that it identifies to support its argument, however, is the evidence that the plaintiff prepared the documents and the plaintiff's testimony that he had intimated to McDonald that if he wanted to pay Ali, it would be "helpful" if she withdrew her complaint. Although we do not condone the plaintiff's actions, we agree with the trial court that this evidence clearly does not meet the high standard of proof required in such cases. We also conclude that because the defendant failed to establish that the trial court retried the facts, the court did not improperly substitute its judgment for that of the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.