## NANCY BURTON *v.* STATEWIDE GRIEVANCE COMMITTEE
### (AC 19067)

Schaller, Hennessy and Shea, Js.

Argued February 24—officially released November 14, 2000

*Nancy Burton,* pro se, the appellant (plaintiff).

*Christopher G. Blanchard,* assistant bar counsel, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Nancy Burton, appeals from the judgment of the trial court dismissing her appeal from the decision of the defendant, the statewide grievance committee, reprimanding her for violating rules 8.2 (a)[1] and 8.4 (4)[2] of the Rules of Professional Conduct. Although the plaintiff raises other issues on appeal, we address only one because it is dispositive.[3] The plaintiff claims that the court improperly concluded that the defendant's procedures were proper and that the defendant afforded the plaintiff due process. We reverse the judgment of the trial court and remand the case for further proceedings.

The following facts and procedural history are relevant to our disposition of this appeal. The background of this proceeding began when the plaintiff, an attorney, wrote a letter dated December 12, 1995, to the chief justice of the Supreme Court, with copies to the other justices, requesting that the court exercise its authority pursuant to General Statutes § 51-51j[4] to investigate the

---

[1] Rule 8.2 (a) of the Rules of Professional Conduct provides in relevant part: "A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office. . . ."

[2] Rule 8.4 of the Rules of Professional Conduct provides in relevant part: "It is professional misconduct for a lawyer to . . . (4) Engage in conduct that is prejudicial to the administration of justice. . . ."

[3] On appeal, the plaintiff also claims that the court improperly (1) determined that the defendant's imposition of a reprimand against the plaintiff for violating rules 8.2 (a) and 8.4 (4) of the Rules of Professional Conduct was adequately supported by the record before the defendant and (2) refused to disqualify itself from hearing the plaintiff's appeal.

[4] General Statutes § 51-51j (a) provides in relevant part: "The Supreme Court may remove or suspend any judge . . . upon recommendation of the Judicial Review Council . . . or on its own motion. Upon receipt of such recommendation or on its own motion, the Supreme Court shall make an investigation of the conduct complained of and hold a hearing thereon, unless such an investigation and hearing has been held by the Judicial Review Council."

conduct of Superior Court Judges Moraghan, Stodolink and Mihalakos,[5] and to hold a hearing thereon. On January 16, 1996, the plaintiff sent another letter to the chief justice renewing her request for a Supreme Court investigation. In a letter dated February 5, 1996, the chief justice informed the plaintiff that the Supreme Court had reviewed the materials that the plaintiff sent in support of the allegations of misconduct she made in her letter of December 12, 1995, and had decided not to invoke its statutory investigatory function. The chief justice sent copies of this letter to each of the judges whom the plaintiff accused of judicial misconduct.

On June 11, 1996, Judge Moraghan filed a grievance complaint against the plaintiff claiming that the allegations in her letter were absolutely false. On June 20, 1996, Judge Mihalakos also filed a grievance complaint against the plaintiff on the basis that the allegations in her letter were absolutely false.[6] Thereafter, Judge Mihalakos, acting as administrative judge, assigned all cases involving the plaintiff, except for one, to Judge Stodolink.

Pursuant to Practice Book § 27F, now § 2-32, the complaints of Judges Moraghan and Mihalakos were referred to a grievance panel for the judicial district of Stamford-Norwalk on July 9, 1996, for a determination of whether there was probable cause to find that the plaintiff had violated the Rules of Professional Conduct. The plaintiff filed several responses to the grievance complaints with the grievance panel. When the panel requested documentation of her allegations of "judicial corruption," however, she provided only her own affidavit asserting that the statements in her letter to the

---

[5] Judge Mihalakos is now a member of this court, but did not participate in any discussions or deliberations in connection with this opinion.

[6] Judge Stodolink did not file a grievance complaint against the plaintiff.

Supreme Court were true. She did, however, write a letter dated August 19, 1996, indicating her intention to dispute the charges against her and to provide support for her claims against the judges.[7]

On or about October 8, 1996, the panel determined that there was probable cause to believe that the plaintiff had violated rules 8.2 (a) and 8.4 (4) of the Rules of Professional Conduct and notified the statewide grievance committee of its finding. Pursuant to Practice Book § 27J, now § 2-35 (a), the statewide grievance committee assigned the grievances to a reviewing committee for a hearing. The reviewing committee scheduled a hearing on the grievance complaints for February 5, 1997, and sent notice of the hearing to the parties on January 2, 1997. The notice contained two caveats: (1) "You are expected to appear at the hearing at the time and date set forth above. A request for an alternative date or time will only be considered if received in writing within seven days of the date of this letter. Said request will be granted only under extreme circumstances"; and (2) "In the event that a party does not appear, the hearing will be held and a determination will be made on the evidence and argument presented at the hearing and the record of the grievance panel." The defendant makes no claim that the caveats in the January 2, 1997 notice were grounded in any rule or regulation that the defendant has promulgated.

The plaintiff did not submit a written request for a continuance. In the week before the hearing date of February 5, 1997, however, she left a voice mail message

---

[7] The plaintiff sent the letter to Stephen Conover, an attorney for the grievance panel. The letter stated in relevant part: "I am fully prepared to establish the truth of the statements presented in the December 12, 1995 letter to [the chief justice]; moreover, numerous witnesses are available to testify under oath as to the truth of the statements; moreover, transcripts of various of the referenced proceedings are available to establish the truth of the statements."

with the office of the statewide grievance committee requesting a continuance because she was engaged in a civil jury trial before Judge Stodolink. In her message, however, the plaintiff referred to a hearing date of February 7, 1997, rather than February 5, 1997, the date specified in the notice that she had received. The attorney for the reviewing committee contacted the plaintiff's office and left a message on her office answering machine explaining that the hearing was scheduled for February 5, not February 7. On the day of the hearing, before any proceedings began, one of the complainant judges informed the reviewing committee that the plaintiff was then involved in closing arguments in a jury trial before Judge Stodolink at the Superior Court in Danbury. Nonetheless, the reviewing committee proceeded with the hearing as scheduled in the absence of the plaintiff because, as it stated in its proposed decision, she had not complied with the direction in the notice of hearing that a request for a continuance be in writing and did not communicate her telephone request accurately, resulting in inconvenience to the Superior Court judges who appeared as witnesses. At the hearing, each of the complainant judges testified that the allegations made by the plaintiff in her letter to the chief justice were false and groundless.

On February 7, 1997, upon the conclusion of the civil jury trial in which she had been engaged, the plaintiff requested in writing that the reviewing committee open the grievance hearing so that she would have an opportunity to cross-examine the two judges who had testified against her and to present her defense. The reviewing committee prepared a proposed decision in which it stated that it denied the plaintiff's request for a continuance because of her "failure . . . to appropriately request a continuance in writing, or to communicate an accurate verbal request in spite of having the opportunity to do so, with the resulting inconvenience

to the Superior Court judges appearing as witnesses in this matter, as well as the Complainant's request to go forward with the hearing . . . ." In its proposed decision, the reviewing committee found that the plaintiff's allegations against the judges were untrue.[8]

On August 22, 1997, the statewide grievance committee notified the plaintiff by letter that it had decided to adopt the proposed decision of the reviewing committee and, accordingly, reprimanded the plaintiff. On August 27, 1997, the plaintiff wrote a letter to the statewide grievance committee formally requesting the committee to open the record of the grievance proceeding instituted by the two judges who had filed complaints against her because she had not had an opportunity to cross-examine them or to present contrary evidence because of her involvement in a civil jury trial at the time of the hearing. On September 19, 1997, the statewide grievance committee informed the plaintiff in a letter that it had denied her request to open the record.

Subsequently, the plaintiff appealed to the Superior Court, claiming that the committee had wrongfully deprived her of her rights to a hearing on the complaint, to confront her accusers, to cross-examine her accusers and to present evidence as a result of the denial of her request for a continuance. The court concluded that

---

[8] The reviewing committee found that "[t]here was no evidence by which a reasonable person in the [plaintiff's] position could have inferred that the judges in question acted in a manner 'presenting the stark appearance of judicial corruption,'" as stated in the plaintiff's December 12, 1995 letter to the chief justice. In its proposed decision, the reviewing committee concluded: "[W]e find by clear and convincing evidence that the [plaintiff] made statements, which she either knew were false or with reckless disregard as to their truth or falsity, concerning the integrity of judges of the Superior Court, in violation of Rule 8.2 (a) of the Rules of Professional Conduct. The [plaintiff's] conduct also violated Rule 8.4 [4] of the Rules of Professional Conduct, which prohibits an attorney from engaging in conduct prejudicial to the administration of justice. We recommend that the Statewide Grievance Committee reprimand the [plaintiff]."

there was substantial evidence to support the conclusion of the statewide grievance committee that the plaintiff had violated rules 8.2 (a) and 8.4 (4) of the Rules of Professional Conduct by making accusations against the judges involved that she knew were false or with reckless disregard as to their truth or falsity. The trial court further found that the caveats in the hearing notice were reasonable and did not deprive the plaintiff of due process of law. The court dismissed the appeal, and the plaintiff filed an appeal with this court. The plaintiff claims that the reviewing committee violated her due process rights to a fair hearing when it conducted the hearing in her absence.

"Because a license to practice law is a vested property interest, an attorney subject to discipline is entitled to due process of law. . . . Accordingly, [b]efore discipline may be imposed, an attorney is entitled to notice of the charges, a fair hearing and an appeal to court for a determination of whether he or she has been deprived of these rights in some substantial manner." (Citations omitted; internal quotation marks omitted.) *Lewis* v. *Statewide Grievance Committee*, 235 Conn. 693, 705, 669 A.2d 1202 (1996). Although both our federal and state constitutional provisions establishing the right of confrontation refer only to criminal trials, the United States Supreme Court has also recognized that right, with its intrinsic right of cross-examination, "in all types of cases where administrative and regulatory actions were under scrutiny." *Greene* v. *McElroy*, 360 U.S. 474, 497, 79 S. Ct. 1400, 3 L. Ed. 2d 1377 (1959).

In Connecticut, the right of a party to be present during the proceedings related to the trial has long been recognized. See *Anderson* v. *Snyder*, 91 Conn. 404, 408–409, 99 A. 1032 (1917). Furthermore, in *In re Flanagan*, 240 Conn. 157, 690 A.2d 865, cert. denied, 522 U.S. 865, 118 S. Ct. 172, 139 L. Ed. 2d 114 (1997), our Supreme Court held that an attorney is afforded

due process protection in disciplinary proceedings if "the review council brings formal charges akin to the presentment to the Superior Court in attorney discipline proceedings." Id., 176. In the present case, the formal hearing and presentment took place in front of the reviewing committee,[9] and therefore it follows that the plaintiff had a right to be present at the hearing on February 5, 1997.

In the present case, the plaintiff, during the week preceding the hearing, left a telephone voice mail message at the defendant's office requesting a continuance because she was to be engaged in a jury trial on February 7. In response, counsel for the statewide grievance committee left a message at the plaintiff's office informing her that February 7 was not the correct date and that the correct date was February 5.

The defendant claims that after its counsel left a message on the plaintiff's answering machine informing her of the correct date of the hearing and the plaintiff never called him back, it reasonably could assume that she would be available on February 5 and that everything was ready to proceed. At the outset of the hearing, however, the reviewing committee was fully made aware that the plaintiff was engaged in closing arguments before Judge Stodolink in a civil jury case. One of the judges who testified at the hearing so informed the reviewing committee prior to the start of the hearing. Although before the hearing began the reviewing committee knew that the plaintiff could not attend, it conducted the proceeding anyway. The defendant

---

[9] The action at the Superior Court level was a review of what took place in front of the review committee. The Superior Court acted as an appeals court by not finding facts. In its memorandum of decision, the court stated: "In reviewing the decision of the committee, the trial court does not take on the function of a fact finder. 'Rather, our role is limited to reviewing the record to determine if the facts as found are supported by the evidence and whether the conclusions are legally and logically correct.' "

claims that it was reasonable to assume that the plaintiff did not want to be involved in the proceedings. Given the context of the situation, however, in view of the exchange of requests for investigations, the statements in the August 19, 1996 letter and the fact that the plaintiff orally requested a continuance because she was engaged in a jury trial, and regardless of whether the plaintiff had referred to the correct date in her request, it was not reasonable to conclude that the plaintiff declined to participate.

Furthermore, at oral argument before this court, the defendant conceded that if the plaintiff had stated the correct date in the voice mail in which she requested a continuance, it would have continued the proceeding.[10] Moreover, in its proposed decision, the reviewing committee stated that it proceeded with the hearing in light of the circumstances, including the plaintiff's failure to make a written request for a continuance or accurately to communicate orally such a request, and the fact that if the hearing were postponed, there would be resulting inconvenience to the Superior Court judges appearing as witnesses in this matter. If the reviewing committee would have been willing to accept the plaintiff's oral request had it been accurate, obviously it did not need the request in writing as recited in the caveat of the notice of hearing letter. Although the plaintiff may have stated the wrong dates, it is undisputed that prior to the hearing one of the Superior Court judges who was a witness made the reviewing committee aware that the plaintiff was engaged in closing arguments in a jury trial.

The reviewing committee had the responsibility of determining whether the plaintiff made statements that

---

[10] At oral argument, defense counsel stated that if in the plaintiff's "original telephone message she said . . . 'I have the dates wrong I am actually going to a trial on this date,' I don't think the grievance committee could have reasonably expected her to be in two places at once."

she knew were false or with a reckless disregard for the truth. It could not properly perform its duty without providing the plaintiff with a fair and adequate opportunity to cross-examine the witnesses against her and to testify in support of her allegations.

We note that the plaintiff neglected to request a continuance in a timely manner or to include accurate information in the request that she did make, and failed to request Judge Stodolink's permission to be excused from her jury trial so that she could attend the hearing. Despite these omissions, under the particular facts of this case, once the reviewing committee became aware of the plaintiff's predicament prior to the commencement of the hearing it should have postponed the hearing so that a proper hearing could be conducted.

We conclude that the judgment of the trial court affirming the decision of the statewide grievance committee and dismissing the appeal must be reversed, and further proceedings before the defendant are necessary.

The judgment is reversed and the case is remanded with direction to render judgment reversing the defendant's reprimand of the plaintiff and remanding the matter to the defendant for further proceedings.

In this opinion the other judges concurred.