## DOUGLAS R. DANIELS *v.* STATEWIDE GRIEVANCE COMMITTEE
## (AC 22215)

Dranginis, Flynn and Daly, Js.[1]

---

[1] This appeal was argued before a panel comprised of Judges Dranginis, Flynn and Daly. Although Judge Daly agreed with the other judges regarding the resolution of this appeal, he died before he had the opportunity to concur with the written decision. The parties stipulated, however, that they would not reargue the appeal to this court with a panel consisting of the original two judges and an additional judge. Rather, the parties stipulated that they would permit the remaining two judges alone to render the written decision.

Argued June 10—officially released September 10, 2002

*Kenneth A. Votre*, for the appellant (plaintiff).

*Michael P. Bowler*, assistant bar counsel, for the appellee (defendant).

*Opinion*

DRANGINIS, J. The plaintiff, Douglas R. Daniels, appeals from the judgment of the trial court dismissing his appeal from the reprimand issued to him by the defendant statewide grievance committee. On appeal, the plaintiff claims that the court improperly held that his failure to pay in a timely manner the default judgment that had been rendered against him violated rule 8.4 (4)[2] of the Rules of Professional Conduct[3] and that

[2] Rule 8.4 of the Rules of Professional Conduct provides in relevant part: "It is professional misconduct for a lawyer to . . .

"(4) Engage in conduct that is prejudicial to the administration of justice . . . ."

[3] "The Rules of Professional Conduct have been adopted by the judges of the Superior Court and govern the professional rights and obligations of attorneys practicing law in Connecticut." (Internal quotation marks omitted.) *Statewide Grievance Committee* v. *Egbarin*, 61 Conn. App. 445, 446 n.3, 767 A.2d 732, cert. denied, 255 Conn. 949, 769 A.2d 64 (2001).

his failure to answer the grievance complaint against him in connection therewith violated Practice Book § 2-32 (a) (1).[4] We conclude that the court properly dismissed the plaintiff's appeal, and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. The plaintiff is an attorney licensed to practice law in Connecticut. On October 3, 1997, Barbara K. Butler retained the plaintiff to represent her in a legal separation from her husband. Two days later, Butler paid the plaintiff a $5000 retainer. In late October, the plaintiff sent Butler a retainer agreement, which stated, in part, that the $5000 retainer fee was nonrefundable. During that time, Butler told the plaintiff that she had decided not to separate from her husband. Because Butler believed that the money would be safe if left in the plaintiff's client's trust fund, she did not seek the return of her retainer fee. In April, 1998, Butler reconciled with

_____

[4] Practice Book § 2-32 (a) provides in relevant part: "Any person, or a grievance panel on its own motion, may file a written complaint, executed under penalties of false statement, alleging attorney misconduct whether or not such alleged misconduct occurred in the actual presence of the court. Complaints against attorneys shall be filed with the statewide bar counsel. Within seven days of the receipt of a complaint the statewide bar counsel shall review the complaint and process it in accordance with subdivisions (1), (2) or (3) of this subsection as follows:

"(1) forward the complaint to a grievance panel in the judicial district in which the respondent maintains his or her principal office or residence, provided that, if the respondent does not maintain such an address in this state, the statewide bar counsel shall forward the complaint to any grievance panel; and notify the complainant and the respondent, by certified mail with return receipt, of the panel to which the complaint was sent. The notification to the respondent shall be accompanied by a copy of the complaint. The respondent shall respond within thirty days of the date notification is mailed to the respondent unless for good cause shown such time is extended by the grievance panel. The response shall be sent to the grievance panel to which the complaint has been referred. The failure to file a timely response shall constitute misconduct unless the respondent establishes that the failure to respond timely was for good cause shown . . . ."

her husband. She wrote to the plaintiff in July, 1998, and asked him to return her retainer fee, but he did not respond. Thereafter, Butler sent the plaintiff two more letters renewing her request for the return of her retainer. The last letter was sent by certified mail, but he still failed to respond to her request.

Butler then retained another attorney, who sent the plaintiff two letters requesting the return of the retainer fee. The plaintiff did not respond. Butler then commenced an action against the plaintiff to collect a full refund of her retainer. The original writ of summons and complaint were served in hand on the plaintiff in December, 1998, yet he failed to appear and to defend against the action. Thereafter, the court rendered a judgment of default in favor of Butler in the amount of $5708.09.

On July 1, 1998, Butler wrote to the plaintiff notifying him of the default judgment. The plaintiff did not pay the default judgment, and on October 4, 1999, Butler filed a grievance complaint against him, alleging professional misconduct. In accordance with Practice Book § 2-29 (a) and General Statutes § 51-90e, the defendant referred the complaint to the local grievance panel in the judicial district of New Haven.[5] Two days later, the office of the statewide bar counsel sent the plaintiff, by certified mail, a copy of Butler's grievance complaint and an explanatory cover letter.[6] Thereafter, the local

---

[5] "Each judicial district has one or more grievance panels consisting of two members of the bar and one layperson, all of whom are appointed by the Superior Court. The committee refers complaints to a panel, which then investigates and determines whether probable cause exists." *Statewide Grievance Committee* v. *Fountain*, 56 Conn. App. 375, 376 n.1, 743 A.2d 647 (2000).

[6] The statewide bar counsel's office sent the complaint and cover letter to both 123 York Street and 234 Church Street, New Haven. The former address was the address the plaintiff had registered with the statewide grievance committee pursuant to Practice Book § 2-27 (d), and the latter address was the address listed on Butler's grievance complaint.

grievance panel wrote to the plaintiff to remind him that his answer to the grievance was overdue. In the fall of 1999, the local grievance panel telephoned the plaintiff and informed him that his failure to pay the default judgment could in and of itself constitute grounds for violating Practice Book § 2-32.

At the hearing before the local grievance panel, the plaintiff testified that he did not receive a copy of the complaint from the statewide bar counsel's office. Thereafter, on March 13, 2000, the local grievance panel determined, among other things, that there was probable cause to believe that the plaintiff had violated rule 8.4 (4) and Practice Book § 2-32.

Two days prior to the May 4, 2000 hearing before a reviewing committee of the defendant, the plaintiff paid Butler $6578.46, which represented the judgment plus postjudgment statutory interest of 10 percent. The reviewing committee issued a reprimand on September 1, 2000, on the basis of its finding by clear and convincing evidence that the plaintiff had violated rule 8.4 (4) when he failed to appear in the civil action and failed to pay timely the judgment that had been rendered against him, and had violated Practice Book § 2-32 (a) (1) when he failed to answer the grievance complaint.[7] The plaintiff thereafter filed a request with the defen-

[7] The reviewing committee found that "there is clear and convincing evidence that the [plaintiff] was personally served with a copy of [Butler's] lawsuit, but did not appear in the matter [and] then did not timely pay the judgment rendered against him." In its proposed decision, the reviewing committee concluded: "We conclude that this conduct violated rule 8.4 (4) of the Rules of Professional Conduct. We also believe that there is clear and convincing evidence that the [plaintiff] knew of the grievance complaint in the fall of 1999 when he was contacted by panel counsel, but did not file an answer to the complaint in violation of Practice Book § 2-32 (a) (1) of the [rules of practice]. We do not find credible the [plaintiff's] testimony that panel counsel's notification to him of the lawsuit and judgment in the fall of 1999 was his first notice of the lawsuit. The [plaintiff] was clearly served in hand by a sheriff in December of 1998."

dant for review of the decision. The defendant upheld the reprimand, but reversed that part of the decision that found that the plaintiff had violated rule 8.4 (4) by failing to appear in the civil action. Subsequently, the plaintiff appealed from the reprimand to the Superior Court, which sustained the defendant's decision. Thereafter, the plaintiff filed the present appeal.

The plaintiff claims that his conduct neither violated rule 8.4 (4) nor Practice Book § 2-32. Specifically, he argues that rule 8.4 (4) requires a finding of scienter and, therefore, without evidence that he intentionally attempted to disrupt or to hinder the civil action against him, his failure to pay the judgment promptly, standing alone, does not constitute an act of disobedience that violates rule 8.4 (4). The plaintiff next argues that because he did not receive a copy of the complaint from the statewide bar counsel and because the record does not contain a copy of the certified mail receipt, he established good cause for his failure to respond to the grievance and, thus, the reviewing committee could not have found by clear and convincing evidence that he had violated Practice Book § 2-32. Furthermore, he argues that Practice Book § 2-32 (a) (2) (H) bars the defendant from exercising jurisdiction over claims against lawyers for nonpayment of default judgments.[8] To the contrary, the defendant maintains that clear and convincing evidence existed that the plaintiff violated rule 8.4 (4) and Practice Book § 2-32, and, thus, the court properly upheld the defendant's decision to reprimand the plaintiff. We agree with the defendant.

Initially, we set forth the applicable standard of review. We recognize that the defendant is not an administrative agency within the meaning of the Uni-

---

[8] Under Practice Book § 2-32 (a) (2) (H), the state bar counsel may dismiss a complaint if "the complaint alleges the nonpayment of incurred indebtedness . . . ."

form Administrative Procedure Act, General Statutes § 4-166 et seq. See *Sobocinski* v. *Statewide Grievance Committee*, 215 Conn. 517, 526, 576 A.2d 532 (1990) (statewide grievance committee not agency for purposes of Uniform Administrative Procedure Act, but arm of court). It is well established, however, that the scope of the court's review of the defendant's decision is similar to the limited scope of review given to the decision of an administrative body. "[I]n reviewing a decision of the statewide grievance committee to issue a reprimand, neither the trial court nor this court takes on the function of a fact finder. Rather, our role is limited to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct. . . . Additionally, in a grievance proceeding, the standard of proof applicable in determining whether an attorney has violated the [Rules] of Professional [Conduct] is clear and convincing evidence. . . . The burden is on the statewide grievance committee to establish the occurrence of an ethics violation by clear and convincing proof."[9] (Internal quotation marks omitted.) *Yamin* v. *Statewide Grievance Committee*, 53 Conn. App. 98, 100, 728 A.2d 1128 (1999). Finally, as a reviewing court "[w]e must defer to the trier of fact's assessment of the credibility of the witnesses that is made on the basis of its firsthand observation of their conduct, demeanor and attitude. . . . The weight to be given to the evidence and to the credibility of witnesses is solely within the determina-

---

[9] "[C]lear and convincing proof denotes a degree of belief that lies between the belief that is required to find the truth or existence of the [fact in issue] in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. . . . [The burden] is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist." (Internal quotation marks omitted.) *Yamin* v. *Statewide Grievance Committee*, 53 Conn. App. 98, 100–101, 728 A.2d 1128 (1999).

tion of the trier of fact." (Citations omitted; internal quotation marks omitted.) *Statewide Grievance Committee* v. *Dixon,* 62 Conn. App. 507, 511, 772 A.2d 160 (2001).

Applying those principles, we conclude that the court properly determined that the record before the defendant supported the conclusion that the plaintiff had violated rule 8.4 (4) and Practice Book § 2-32 (a) (1). The court noted that the summons and complaint were served on the plaintiff in hand, Butler's attorney had mailed to the plaintiff a copy of the judgment against him and the statewide bar counsel's office had mailed a copy of the grievance complaint to the plaintiff four months before the grievance panel found probable cause that he had violated rule 8.4 (4) and Practice Book § 2-32 (a) (1). On the basis of those facts, we agree with the court that "the notice to the plaintiff could not have been more compelling." We therefore conclude that the court properly determined that the defendant established by clear and convincing evidence that the plaintiff had failed to pay the default judgment in a timely manner, particularly in light of the adequate notice.

We also reject the plaintiff's argument that the failure to pay a judgment promptly does not constitute a violation of rule 8.4 (4) and that intent is a prerequisite finding to a violation of that rule. Regarding that point, the court correctly stated: "Judges no less than lawyers are chargeable for deviations from the codes governing their conduct, even though the application of the canons to particular circumstances may not be readily apparent. [*Patterson* v. *Council on Probate Judicial Conduct,* 215 Conn. 553, 567, 577 A.2d 701 (1990)]; *Grievance Committee* v. *Rottner,* 152 Conn. 59, 65–66, 203 A.2d 82 (1964). A judge may be sanctioned for a wilful violation of one of the canons of judicial conduct if he intended to engage in the conduct for which he is sanc-

tioned whether or not [he] knows that he violates the rule. *In re Flanagan*, 240 Conn. 157, 183, 690 A.2d 865, cert. denied, 522 U.S. 865, 118 S. Ct. 172, 139 L. Ed. 2d 114 (1997)." (Internal quotation marks omitted.) That reasoning equally is applicable to lawyers and, therefore, we conclude that the court properly held that rule 8.4 (4) does not have a scienter requirement.

Trial courts that have considered claims of violations of other ethical rules have held that those rules also contain no scienter requirement. See, e.g., *Statewide Grievance Committee* v. *Solomon*, judicial district of New Haven at Meriden, Docket No. 269373 (February 8, 2000) (Rules of Professional Conduct 8.4 [3]); *Gersten* v. *Statewide Grievance Committee*, judicial district of Hartford-New Britain at Hartford, Docket No. 565949 (June 10, 1997) (19 Conn. L. Rptr. 554, 555) (construing Rules of Professional Conduct 1.8 [a] and determining that "[i]t is not a defense to an ethical violation that the attorney did not act in bad faith or intend to violate the code"); see also *In re Zoarski*, 227 Conn. 784, 791, 632 A.2d 1114 (1993) (judge's intent not relevant to conclusion that his conduct was " 'prejudicial to the impartial and effective administration of justice' "). Although this court is not bound by trial court decisions; *LaSalle National Bank* v. *Freshfield Meadows, LLC*, 69 Conn. App. 824, 831 n.2, 798 A.2d 445 (2002); we agree with their reasoning on the subject and adopt it here.

Last, with regard to the plaintiff's argument that he established good cause for failing to answer the complaint because he did not receive a copy of it from the statewide bar counsel's office, we agree with the court that the mailing of a properly addressed letter creates a presumption of timely notice unless contrary evidence is presented. See *Console* v. *Torchinsky*, 97 Conn. 353, 356, 116 A. 613 (1922); see also 1 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 52, p. 259. In attempting to rebut the presumption, the plaintiff

offered no evidence to support his allegation that he did not receive a copy of the complaint except his own testimony that he was having trouble getting mail delivered and the absence of a copy of the certified mail receipt in the record. We conclude that the plaintiff did not overcome the presumption. On the basis of our review of the record, we conclude that there was no evidence that the envelope had been returned by the postal authorities with an endorsement showing failure of delivery. We therefore reject the plaintiff's claim that he established good cause for not responding to Butler's complaint and conclude that his claim is without merit. Accordingly, we affirm the judgment of the trial court upholding the defendant's decision to reprimand the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.