## WILLIAM PALMIERI *v.* STATEWIDE GRIEVANCE COMMITTEE

Superior Court, Judicial District of New Britain

File Nos. CV-03 0519602S, CV03-0519603S

Memorandum filed March 1, 2004

*Matthew Frechette*, for the plaintiff.

*Connecticut Statewide Bar Counsel*, for the defendant.

MURRAY, J. This matter involves two appeals brought by the plaintiff, William S. Palmieri, an attorney who was reprimanded by the defendant statewide grievance committee. A reviewing committee held hearings on these matters on May 9, 2002. This court, in the interests of judicial economy, heard oral argument on each appeal together.[1] Both appeals arise out of Palmieri's representation of the same client, Raymond Gagne,

---

[1] The matters were not formally consolidated.

who had been arrested for driving while intoxicated. Palmieri has raised the same issue in each appeal, the lack of procedural due process.

In docket number CV-03 0519602S, the first appeal, Gagne filed a complaint against Palmieri as a result of the sentence he received and served in connection with his conviction. The complaint alleged that Palmieri had told Gagne that he was only going to serve ten days of the sentence that was imposed.[2] Gagne actually served a total of thirty days. The local grievance panel concluded that there was insufficient evidence to support a finding of probable cause and recommended that the complaint be dismissed. A reviewing committee reversed the decision of the local panel and concluded that there was sufficient probable cause to find that Palmieri had violated rule 1.4 (b) of the Rules of Professional Conduct.[3]

In docket number CV-03 0519603S, the second appeal, Gagne filed another complaint against Palmieri as a result of a retainer agreement. Gagne had hired Palmieri to represent him in an action against the town of Old Saybrook and its police department for personal injuries suffered by Gagne and for other violations of his rights. The agreement called for $2000 in addition to a contingency fee of 40 percent. Similar to the first appeal, the local grievance panel concluded that there was insufficient evidence to support a finding of probable cause and recommended that the complaint be dismissed. A reviewing committee reversed this decision and concluded that there was sufficient probable cause to find that Palmieri had violated rule 1.5 of the Rules of Professional Conduct.[4]

---

[2] The actual sentence imposed, in part, was six months, execution suspended after sixty days, ten days of which was the mandatory minimum sentence.

[3] Rule 1.4 (b) of the Rules of Professional Conduct provides that "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[4] Rule 1.5 (a) of the Rules of Professional Conduct provides in pertinent part that "[a] lawyer's fee shall be reasonable. . . ."

Hearings on both grievance complaints were scheduled for March 14, 2002. On March 13, 2002, Palmieri and Gagne received telephone calls from a representative of the statewide grievance committee advising them that the hearings would have to be rescheduled and that they would receive notice of the new hearing date. On March 27, 2002, notice was sent by first class mail to both Palmieri and Gagne that the matters would be heard on May 9, 2002, at 9:30 a.m.[5] Gagne and witnesses on his behalf appeared for the May 9, 2002, hearings. Palmieri did not appear and, therefore, no evidence was introduced in his defense. He had, however, previously filed answers to each complaint in addition to documentary exhibits. On August 30, 2002, the reviewing committee issued its decisions. The reviewing committee concluded by clear and convincing evidence that Palmieri had violated rule 1.5 of the Rules of Professional Conduct and that he had violated rule 1.4 (b) in the second matter.

On September 3, 2002, Palmieri filed a motion to vacate and open in each matter along with a supporting affidavit.[6] Palmieri claimed that he never received notice of the May 9, 2002 new hearing date. He further claimed in his affidavit that he was prepared to proceed in his defense at the earlier scheduled date, just as he had also previously appeared and defended himself in other unrelated grievance matters. On September 19, 2002 the statewide grievance committee affirmed the decision of the reviewing committee and upheld its decisions to reprimand Palmieri for violating rules 1.5 and 1.4 (b). Both decisions were appealed to this court.

"Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee or

[5] Rule 7A of the rules of procedure of the statewide grievance committee provides that notice of all public hearings shall be sent by the statewide grievance committee by first class mail.

[6] The motions to vacate and open were considered as requests for review and were acknowledged and treated as such.

reviewing committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: (1) in violation of constitutional . . . rules of practice or statutory provisions; (2) in excess of the authority of the committee; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. . . ." Practice Book § 2-38 (f).

Although the statewide grievance committee is not an administrative agency, "the scope of the court's review of the defendant's decision is similar to the limited scope of review given to the decision of an administrative body. [I]n reviewing a decision of the statewide grievance committee to issue a reprimand . . . the trial court [does not take] on the function of a fact finder. Rather, our role is limited to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct. . . . Additionally, in a grievance proceeding, the standard of proof applicable in determining whether an attorney has violated the [Rules] of Professional [Conduct] is clear and convincing evidence. . . . The burden is on the statewide grievance committee to establish the occurrence of an ethics violation by clear and convincing proof." (Internal quotation marks omitted.) *Daniels* v. *Statewide Grievance Committee*, 72 Conn. App. 203, 209, 804 A.2d 1027 (2002); *Yamin* v. *Statewide Grievance Committee*, 53 Conn. App. 98, 100–101, 728 A.2d 1128 (1999).

Palmieri contends in both appeals that his due process rights under the United States and Connecticut constitutions[7] were violated by the reviewing committee's proceeding in his absence with the May 9, 2002 hearing because he did not receive notice of that hearing. Palmierri has submitted his sworn affidavit in support of this claim. He further contends that other procedural irregularities compound the violation of his due process rights. This court agrees.

"Because a license to practice law is a vested property interest and disciplinary proceedings are 'adversary proceedings of a quasi-criminal nature,' an attorney subject to discipline is entitled to due process of law." *Kucej* v. *Statewide Grievance Committee*, 239 Conn. 449, 462, 686 A.2d 110 (1996), cert. denied, 520 U.S. 1276, 117 S. Ct. 2457, 138 L. Ed. 2d 214 (1997). "In attorney disciplinary proceedings, two interests are of paramount importance. On the one hand, [the court] must not tie the hands of grievance committees . . . with procedural requirements so strict that it becomes virtually impossible to discipline an attorney for any but the most obvious, egregious and public misconduct. On the other hand, [the court] must ensure that attorneys subject to disciplinary action are afforded the full measure of procedural due process required under the constitution so that we do not unjustly deprive them of their reputation and livelihood." *Statewide Grievance Committee* v. *Botwick*, 226 Conn. 299, 307, 627 A.2d 901 (1993). Accordingly, "[b]efore discipline may be imposed, an attorney is entitled to notice of the charges, a fair hearing and an appeal to court for a determination of whether he or she has been deprived of these rights in some substantial manner." (Internal quotation marks omitted.) Id., 308; *Burton* v. *Statewide Grievance Committee*, 60 Conn. App. 698, 704, 760 A.2d 1027 (2000). When the formal hearing occurs before a reviewing

---

[7] See U.S. Const., amend. XIV, § 1; Conn. Const., art I, § 8.

committee of the statewide grievance committee, the attorney has a right to be present. Id., 705.

In these appeals, Palmieri swears in his affidavit that he was not present at the hearings because he never received notice. The statewide grievance committee, relying on *Daniels* v. *Statewide Grievance Committee*, supra, 72 Conn. App. 211, argues that when notice of a hearing is properly addressed and mailed, there is a presumption of receipt of timely notice. To rebut the presumption, evidence, in addition to the testimony or affidavit of the attorney swearing that he did not receive notice, would be helpful. Id., 211–12. This court notes, however, that additional efforts were made in *Daniels*[8] to ensure that the attorney received notice which far exceeded the attempt at notice present here. These additional efforts were considered by the court in *Daniels* and strongly weighed against the attorney's blanket assertion there that he had not received notice of the grievance. Here, no additional efforts to notify Palmieri of the May 9, 2002 hearings are revealed in the record.

When determining whether a procedure that was followed violates a party's right to due process, the court looks to the "sum total of the improprieties." *State* v. *Rizzo*, 266 Conn. 171, 249, 833 A.2d 363 (2003). After examining the record, the court observes the following factors, which impugned these proceedings.

Here, Palmieri filed detailed answers to both complaints, including documentary exhibits, and expressed his intention to attend both hearings on their initially scheduled date to defend himself. He also had appeared shortly after the May 9, 2002 hearing date and defended

---

[8] Notice of the grievance complaint was sent by certified mail to two addresses, both the address that the attorney had registered with the statewide grievance committee and the address listed on the grievance complaint. The local grievance panel wrote to the attorney to advise him that his answer was overdue. The local grievance panel also telephoned the attorney to tell him that failure to pay a default judgment could be grounds for a grievance.

other grievances filed against him. Under these circumstances, "it was not reasonable to conclude that [Palmieri merely] declined to participate." *Burton* v. *Statewide Grievance Committee,* supra, 60 Conn. App. 706. This is not an instance where an attorney entirely ignores a grievance complaint filed against him and then also fails to attend the hearing.

Although both hearings were scheduled for 9:30 a.m., the first hearing did not commence until 10:40 a.m.[9] No evidence was introduced showing that the statewide grievance committee telephoned Palmieri or made any other efforts to confirm that he did not intend to appear at the hearings.[10] Additionally, the reviewing committee had held the hearing open in the first appeal for an additional thirty days to allow the transcript of a telephone answering machine tape to be submitted.[11] Palmieri was not given notice that the evidentiary portion of the hearing was to be held open. Similarly, correspondence was sent on June 27, 2002, from Christopher L. Slack, assistant bar counsel, to attorney Frederick J. Miano[12] returning the answering machine transcript because it was submitted beyond the thirty day period. Palmieri was not sent a copy of the correspondence, and he was not notified that the exchange had taken place. If he had been informed of either matter, the committee may have taken other steps to rectify the situation prior to the issuance of its decision.[13]

---

[9] The second hearing commenced at 11:10 a.m.

[10] The court does not intend to burden the statewide grievance committee with the requirement of telephoning nonappearing attorneys. It is noted that, in this matter, no attempt was made to confirm that Palmieri would not appear.

[11] The tape purportedly contained a conversation between Palmieri and Gagne's sister, recorded while Gagne was incarcerated.

[12] Attorney Miano formerly represented Gagne and appeared as a witness in his behalf.

[13] Compare *Statewide Grievance Committee* v. *Gifford,* 76 Conn. App. 454, 820 A.2d 309 (2003), in which an attorney failed to appear at a presentment hearing in Superior Court. Although the attorney had filed responsive pleadings, he did not receive notice of the hearing from the court clerk's

Another infirmity here involves the composition of the reviewing committee on May 9, 2003, and the procedure leading up to the selection of the reviewing committee members. The original hearing, scheduled for March 14, 2002, was rescheduled at the request of the statewide grievance committee. The continuance was necessary because one of the committee members had a conflict of interest.[14] Thereafter, instead of obtaining an alternate member to attend the May 9, 2002 hearing, the same three members were summoned to the second hearing.[15] Because of the conflict, one reviewing committee member recused himself. At this hearing, Gagne, the complainant, was asked to waive his right to have the grievance heard by a three person grievance committee.[16] The waiver was obtained and both grievances were decided by a two person grievance committee.

Practice Book § 2-35 (a) provides in pertinent part that "a reviewing committee . . . shall consist of at least three members of the statewide grievance committee, at least one third of whom are not attorneys. . . ."[17] The clear statutory language requires that a reviewing

office because he had not filed an appearance. Following the hearing, the grievance counsel wrote to the court, inquiring into the status of the grievance. The grievance counsel also sent a copy of his letter to the attorney. The attorney then objected because the hearing had been held in his absence. A status conference was then scheduled and the court held a second evidentiary hearing prior to issuing its decision.

[14] Palmieri alleges in both appeals that he did not receive an explanation why the hearings were continued. Gagne was told that the continuance was necessary because of a conflict of interest by one reviewing committee member.

[15] By letter dated April 25, 2002, attorney Miano notified the assistant bar counsel that the same reviewing committee members, including the member who had a conflict of interest, were being summoned to the second meeting.

[16] At the conclusion of the evidence in the second appeal, Gagne was advised by the assistant bar counsel that one of the attorney members of the reviewing committee had recused himself. He was then advised that he could waive his right to have the matter decided by three members. In the first appeal, the issue was addressed prior to the introduction of evidence.

[17] See also General Statutes § 51-90g.

committee consist of *at least three members*. The court, however, notes rule 7F of the statewide grievance committee rules of procedure, which provides in pertinent part that "two members [of the reviewing committee] shall constitute a quorum." The rule also provides that in the event of a tie vote, the entire record should be reviewed by a third member who would cast the deciding vote. In view of this rule, some trial court decisions have approved actions by reviewing committees in which only two members participated.[18] One court, however, reversed the decision of a reviewing committee that acted with only two attorney members and no nonattorney member.[19] Another decision approved of reviewing committee action where three members heard the evidence but only two participated in the decision and signed it.[20] Similarly, our Supreme Court approved a procedure where two reviewing committee members heard the evidence but the matter was referred to a third member to review the record and break a tie vote. *Lewis* v. *Statewide Grievance Committee*, 235 Conn. 693, 708, 669 A.2d 1202 (1996). Here, the statewide grievance committee knew beforehand of the conflict of interest of one reviewing committee member, yet failed to obtain an alternate member to hear the grievance on the continued date. Because of the lack of action by the statewide grievance committee,

---

[18] See, e.g., *Braunstein* v. *Statewide Grievance Committee*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV95-0548149S (October 24, 1997) (*McWeeny, J.*) (20 Conn. L. Rptr. 467); see also *Cramer* v. *Statewide Grievance Committee*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV96-0562467 (January 31, 1997) (*McWeeny, J.*) (attorney failed to object and waived claim); *Hanson* v. *Statewide Grievance Committee*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV96-0560411 (January 30, 1997) (*McWeeny, J.*), aff'd, 47 Conn. App. 936, 707 A.2d 1293 (1998) (same).

[19] *Block* v. *Statewide Grievance Committee*, 47 Conn. Sup. 5, 16–17, 771 A.2d 281 (2000).

[20] See *Statewide Grievance Committee* v. *Tyler*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV97-0568610 (September 12, 1997) (*Lavine, J.*).

it was impossible for the reviewing committee here to consist of *at least three members*, as required under Practice Book § 2-35 and General Statutes § 51-90g.

The cumulative effect of the procedural deficiencies here compels this court to conclude that the fundamental fairness required as a matter of due process, under both the federal and state constitutions, was not afforded Palmieri.

The decisions of the defendant statewide grievance committee are reversed and the reprimand of the plaintiff, attorney William S. Palmieri, is rescinded in both appeals. The matters are remanded to the defendant for further proceedings not inconsistent with this decision.