890 So.2d 872 (2004)
The MISSISSIPPI BAR
v.
Douglas R. DANIELS.
No. 2004-BD-00753-SCT.
Supreme Court of Mississippi.
July 28, 2004.

*873 ORDER
¶ 1. This matter came before the Court sitting en banc on the Mississippi Bar's formal complaint against Douglas R. Daniels.
¶ 2. Daniels was suspended by the Connecticut Superior Court from the practice of law in that state for two years. Daniels v. Statewide Grievance Committee, 72 Conn.App. 203, 804 A.2d 1027 (2002). The suspension was effective on July 1, 2002. The court retained jurisdiction to ensure that Daniels complied with two conditions. First, Daniels was required to "remain in psychiatric treatment until medically discharged." Moreover, Daniels was required to "register for and pass either the Multi-State Professional Responsibility Examination or a course on legal ethics offered by an accredited law school or other entity acceptable to the Petitioner."
¶ 3. The Connecticut court found that Daniels violated various Rules of Professional Conduct. First, he failed to defend a client's contempt case. Moreover, Daniels failed to communicate with her adequately during the course of his representation. He failed to promptly comply with requests for an accounting and a refund.
¶ 4. Daniels represented a client in a divorce proceeding. The court found that he failed to deliver his client his divorce proceeds promptly.
¶ 5. In representing a client in an adoption proceeding, Daniels failed to respond to letters and communications adequately. He also failed to provide a timely refund and an accounting of his fees.
¶ 6. The Connecticut court found that Daniels failed to file papers on a client's behalf in a custody matter. In addition, he failed to return his client's telephone calls.
¶ 7. In his representation of a client in a domestic matter, Daniels failed to return his client's telephone calls. He failed to refund his client's retainer in a timely fashion.
¶ 8. In a grandparents' visitation matter, Daniels failed to timely file a motion for order of visitation and failed to communicate adequately with his client. In addition, he failed to provide her with an accounting of the services he performed. He failed to timely return any of the retainer his client gave him.
¶ 9. The Connecticut court found that in an Immigration Board of Appeals case, Daniels failed to keep his client reasonably informed regarding the status of his case. He failed to explain matter to the extent necessary to permit the client to make an informed decision regarding the representation. Daniels did not provide a written fee agreement. He did not complete required forms to indicate his representation of the client properly. The court held that his failure to reopen and his communication with the immigration offices regarding the forms following the Board of Immigration Appeals decision demonstrated a lack of competence and diligence.
¶ 10. Finally, the Connecticut court concluded that Daniels failed to pay a client's outstanding medical bills in a timely fashion after he had settled her personal injury matter.
¶ 11. As a result of his suspension in Connecticut, the Mississippi Bar initiated disciplinary proceedings against Daniels under Rule 13 of the Mississippi Rules of Discipline on. Daniels did not respond to the complaint. He committed no unprofessional conduct in Mississippi save his *874 suspension from the Mississippi Bar for nonpayment of enrollment fees according to Miss.Code Ann. § (Rev.2000).
¶ 12. Having carefully and fully considered the Bar's complaint, the Court finds that a two-year suspension is appropriate.
¶ 13. IT IS, THEREFORE, ORDERED that, based on Rule 13 of the Mississippi Rules of Discipline, Douglas R. Daniels is suspended from the practice of law in the State of Mississippi for two years. The two-year suspension shall begin on the date of the entry of this Order.
¶ 14. IT IS FURTHER ORDERED that pursuant to Rule 12 of the Mississippi Rules of Discipline, that subsequent to the time of eligibility for reinstatement, Douglas R. Daniels shall: (1) take the Multi-State Professional Responsibility Examination as prepared by the National Conference of Bar Examiners, and achieve a scaled score of not less than 80, and shall be reinstated to the privilege of practicing law only upon petition to the Court, and; (2) show that he remained in psychiatric treatment until medically discharged, and; (3) pay all applicable fees and penalties as set out in Miss.Code Ann. § 73-3-127.
¶ 15. IT IS FURTHER ORDERED that the Clerk of the Court shall send, via certified mail, copies of this Order to Douglas R. Daniels and to the Mississippi Bar.
¶ 16. SO ORDERED.
/s/ James W. Smith, Jr.
JAMES W. SMITH, JR., CHIEF JUSTICE
DIAZ, J., NOT PARTICIPATING.