[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR TEMPORARY INJUNCTION
The matter before the court concerns a dispute regarding who should be elected as a Democratic State Central Committee man from the Second Senatorial District. The Second Senatorial District is comprised of the City of Hartford, the Town of Bloomfield and the Town of Windsor. At the present time the parties to the action are plaintiffs, Hartford Democratic Town Committee, that committee's Chair, Noel McGregor and a member of the Hartford Committee who is a candidate for the State Central post, Abe Giles. The defendants are the Connecticut Democratic State Central Committee, the Bloomfield Democratic Town Committee and the Chair of the Bloomfield Committee, Ben Milstein.
Pending before the court is a motion to intervene by Adrianne Baughns-Wallace, a disputed delegate from the Bloomfield Delegation to the convention to elect the State Central Committee person.
On January 13, 2003, Judge Cohn signed an ex parte temporary injunction. In that injunction he prohibited and restrained Democratic State Central from proceeding with an election scheduled for January 14, 2003. He prohibited and restrained "the Town of Bloomfield" and Ben Milstein from removing delegate Adrianne Baughns-Wallace from the certified list of delegates of the convention and he prohibited and restrained the Democratic State Central from refusing to acknowledge delegate Baughns-Wallace as a certified delegate. These orders were entered "pending hearing of 1/21/03 at 95 Washington Street." On that date, the parties met with Judge Berger and the matter was continued to a hearing before Judge Booth on January 28, 2003. This memorandum reflects the facts and legal conclusions arrived at as a result of that hearing.
 FACTS
On July 12 and 13, 2002, the Democratic State Convention was held. At that convention the Second Senatorial District elected two CT Page 2517 representatives to State Central. Those representatives were Mrs. Ella Cromwell, about whom there is no dispute, and Mr. Giles. At that first election Mr. Giles, then an incumbent member of State Central, defeated Larry Pleasant of Bloomfield by a vote of 25 to 24. Following that election on July 11, 2002, the Democratic State Central Committee, acting by a three-member panel, issued a decision concluding that Hartford had made an unintentional error. It appeared that Hartford's certified list of delegates exceeded its limit by one delegate. The dispute committee of State Central gave Hartford the opportunity to re-certify a list containing twenty-three delegates and the State Central Committee ordered that a second election be held on August 13, 2002 at 5:30 p.m. Prior to that second election, Adrianne Baughns-Wallace, a previously certified delegate from the Democratic Town Committee for the Town of Bloomfield, drafted a note to the Chair of the Bloomfield Committee resigning as a delegate. Also prior to the second election, Ms. Baughns-Wallace attempted to withdraw her resignation. Ms. Baughns-Wallace had been certified as a delegate to the Office of the Secretary of State and at no time had her name been withdrawn from the Secretary of State's list. On August 13, 2002, the second election was held. Mr. Giles again defeated Mr. Pleasant by a vote of 25 to 24. Ms. Baughns-Wallace abstained from voting. Following the abstention the vote was 24 to 24 and the Chair of the convention, in accordance with the rules, cast a vote for Mr. Giles which resulted in his 25 to 24 victory. Following the second election, Bloomfield claimed that Ms. Baughns-Wallace was not eligible to vote because she had resigned and that Bloomfield wished to insert another delegate in her place. State Central again convened a three-member panel to hear the appeal brought by Bloomfield and Mr. Pleasant. This panel heard the matter and arrived at a decision on October 3. At the October 3 meeting the three member State Central Subcommittee decided by a vote of 2 to 1 that Ms. Baughns-Wallace was ineligible to vote as a delegate. Accordingly, State Central ordered that a third election be held to elect a committeeman from the Second Senatorial District. The Hartford Committee, its Chair Mr. McGregor, and its apparently successful candidate Mr. Giles, have now appealed to court State Central's conclusion that Ms. Baughns-Wallace may not vote in the newly ordered election. It is this election which was the subject of Judge Cohn's ex parte temporary injunction pending this hearing.
Neither Mr. McGregor nor Mr. Giles attended the October 3 hearing. Both appear to have had knowledge of it. They may not have had complete knowledge of the specific issues to be discussed but they were aware that it concerned the election to State Central and the eligibility of Ms. Baughns-Wallace to vote. Mr. Milstein was present at the hearing. Ms. Baughns-Wallace was not present at the hearing neither was she a party to the Hartford Town Committee's appeal to State Central. Pending the CT Page 2518 court's ruling on her motion to intervene, she is not a party to this court action.
Article V of the Rules of the Connecticut Democratic State Central Committee is entitled "Final Committee To Resolve Endorsement Disputes." Disputes concerning endorsements and interpretation of party rules "shall be resolved by a committee composed of no less than three, no more than five members of State Central Committee, appointed by the chairperson thereof, none of whom shall be members of the district or districts concerned. The decision of said committee shall be conclusive and bindingon all parties." (Emphasis supplied.)
 THE MOTION TO INTERVENE
The Bloomfield Town Committee has made a motion to dismiss claiming that no plaintiff has standing against it. At the present time, Ms. Baughns-Wallace is not a party to this action, however, during the hearing on the temporary injunction, the attorney for Hartford filed a motion to intervene as a party plaintiff on behalf of Ms. Baughns-Wallace.
Practice Book § 10-33 provides:
Any claim of lack of jurisdiction over the subject matter cannot be waived, and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action.
At the hearing on the afternoon of January 28, the following exchange took place between the court and the attorney seeking to intervene on behalf of Ms. Baughns-Wallace:
THE COURT: I don't know that it's timely. As I understand the Practice Book if a motion to dismiss for subject matter jurisdiction is filed it's got to be ruled on before the court does anything else.
MR. FERGUSON: Absolutely your Honor.
THE COURT: Alright. And so it seems to me I've got to examine the motion to dismiss without the delegate being a party. Because I can't grant her motion until I've ruled on the motion to dismiss.
MR. FERGUSON: Correct your Honor.
Regardless whether the motion to intervene could be considered CT Page 2519 notwithstanding the motion to dismiss when its purpose is to save the case from dismissal for standing, Ms. Baughns-Wallace has filed no motion to amend the complaint. There is no indication that she was a party or participant at the hearing on October 3 which is the subject matter of this appeal. Neither was she a party at the time that Judge Cohn granted the temporary injunction or at the time that many of the facts presently before the court were stipulated to for the purpose of this hearing. Whatever Ms. Baughns-Wallace's right to attempt to intervene in the future, if such a motion is joined with a motion to amend the complaint, intervention in the middle of the hearing on the temporary injunction is, in the opinion of the court, inappropriate. The motion to intervene is denied at this time.
 BLOOMFIELD'S MOTION TO DISMISS
The Hartford Democratic Town Committee, Noel McGregor and Abe Giles provided evidence at the hearing on January 28. The court fails to see how that evidence supports standing to maintain claims against the Bloomfield Democratic Town Committee. Despite the tortured history of this dispute, the State Central Committee, following the meeting of October 3, clearly ruled that Ms. Baughns-Wallace was not entitled to vote as a delegate. While this court will subsequently examine the propriety and finality of that ruling, it would appear to be the only ruling which Hartford, its chairman or its candidate have standing to challenge. "Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal." Bakelar v. West Haven,193 Conn. 59, 65 (1984).
"Similarly, with respect to law of standing, it is not enough that a party is injured by an act or omission of another party. The defendant must have also violated some duty owed to the plaintiff. `Applying this doctrine to challenges of official government action or inaction, the relevant question would not be simply whether the official or agency violated the law, but rather whether the official or agency violated any duty to the plaintiff.'" Planning Zoning Commission v. Gaal,9 Conn. App. 538, 544, cert. denied 203 Conn. 803 (1987). Aggrievement is a question of fact for the trial court and the Hartford Democrats have the burden of proving that they have been specifically and personally aggrieved by the Bloomfield Democrat's action concerning Baughns-Wallace. See New England Rehabilitation Hospital v. Commission onHospitals and Health Care, 226 Conn. 120 (1993).
The court finds that the most that can be said for the Hartford challenge is that Bloomfield's successful appeal to the State Central Committee dispute process has produced a result unfavorable to the CT Page 2520 Hartford position. Whatever the merits of Hartford's claims against the State Central Committee, the court sees no direct claim against the Bloomfield Town Committee or its chair. The action is dismissed as to defendants Bloomfield Town Committee and Ben Milstein. So much of the injunction of January 13, 2003 has prohibited and restrained Bloomfield from removing delegate Adrianne Baughns-Wallace from the certified list is vacated.
 CLAIMS AGAINST THE STATE CENTRAL COMMITTEE
In Neilsen v. Kezer, 232 Conn. 65, the Connecticut Supreme Court considered a challenge to A Connecticut Party's interpretation of its rules for the endorsement of a candidate for state senate. The court found in that matter that the judiciary has a "narrowly circumscribed" role in the determination of matters pertaining to the internal workings of a political party and will accept the party's resolution of disagreements unless the resolution was "demonstrably unlawful or patently irrational." Kezer at 78.
In Kezer the court wrote as follows:
We first consider the proper scope of the trial court's review of the executive committee's decision to invalidate the purported endorsement. Political parties generally are free to conduct their internal affairs free from judicial supervision. [Citations omitted.] This common law principle of judicial restraint, rooted in the constitutionally protected right of free association [footnote omitted] serves the public interest by allowing the political process to operate without undue influence. [Citations omitted.] Because the nomination and endorsement of candidates for elective office are among the primary functions of political parties," [j]udicial intervention in the [selection of convention delegates] traditionally has been approached with great caution and restraint." [Citations omitted.]
Consistent with the historical autonomy of political parties Sections9-382 and 9-387 vested in ACP broad discretion to select candidates and to resolve disputes as to endorsements in the manner prescribed by ACP rules. In accordance with the procedure set forth in the ACP rules to resolve endorsement disputes, the ACP executive committee met and determined that under those rules, Nielsen's nomination required a seconding motion. Because the executive committee's interpretation of party rules was an integral part of the deliberative process by which the committee resolved the endorsement dispute, the committee was entitled to wide latitude in interpreting and applying those rules. [Citations omitted.] In view of the narrowly circumscribed role of the judiciary in CT Page 2521 such matters, we agree with the trial court that ACP's resolution of Setaro's challenge to Neilsen's endorsement must stand unless the defendant's actions were either demonstrably unlawful or patently irrational. [Footnote omitted.]
Kezer at 78-79.
In view of the judicial restraint which courts exercise in supervising the inner workings of political parties, the Democratic State Central Committee is entitled to interpret its own rules with regard to the resignation and replacement of delegates. In addition, all parties submitted the matter to the dispute resolution process aware that that process contained a specific provision that "the decision of said committee shall be conclusive and binding on all parties."
In the verified complaint the applicants stated:
30. Immediately upon receiving this note Chairman McGregor advised State Central's Executive Director, Maureen Greico to notify her of a scheduling conflict he had for that date and requested that the meeting be rescheduled.
31. Chairman McGregor also spoke to State Central's Chair at the time, John Olson, and State Central's counsel, Kevin Reynolds, regarding his scheduling conflict with the October 3, 2002 date.
32. Chairman McGregor was assured that all of the necessary calls would be made to either reschedule or cancel the meeting. Accordingly, Mr. McGregor kept his prior commitment for October 3, 2002.
In Nancy Burton v. Statewide Grievance Committee, 60 Conn. App. 698
(2000), the Appellate Court concluded that plaintiff's due process rights were violated when the defendant Statewide Grievance Committee conducted plaintiff's disciplinary hearing in her absence despite its prior knowledge that plaintiff wished to but could not attend the hearing. The plaintiff McGregor's statement that he was assured that all necessary calls would be made to either reschedule or cancel the meeting would appear to bring the dispute before this court close to the dispute inBurton. However, at trial Ms. Greico specifically testified that she never assured the plaintiff McGregor of a continuance. Moreover, in response to a specific question in which the court read paragraph 32 to Mr. McGregor, he acknowledged that he was never assured by anyone that the matter would be continued. There also was a complete absence of evidence to indicate that whatever conflict Mr. McGregor had it could not be resolved or that he could not arrange for another representative to be CT Page 2522 present at the hearing. Likewise, there was evidence that Mr. Giles' son actively participated at the hearing in defense of Mr. Giles' position. In view of these facts, the court finds no denial of due process to any of the plaintiffs.
 CONCLUSION
The court finds that none of the present plaintiffs have standing to assert a claim against the Bloomfield Democratic Town Committee and/their claims in that regard are dismissed. The court finds that Delegate Baughns-Wallace has not made a timely application to intervene in the hearing on the temporary injunction when her application was made after substantial portions of the evidence had already been introduced. In addition the application was made after a motion to dismiss had been filed. There is no pending motion to amend the present complaint to state a claim by Ms. Baughns-Wallace nor is there anything in the present complaint that constitutes a claim by her. Therefore, her motion to intervene at this time is denied.
The Democratic State Central Committee is entitled to interpret its own rules unless its interpretation was "demonstrably unlawful or patently irrational" or violated a constitutional right of one of the applicants. The court finds no evidence of a unlawful or irrational action by State Central or of a violation of due process but does find that the parties bound themselves to the finality of the determination made by the dispute subcommittee of the State Central Committee.
The court finds that no plaintiff has sustained its burden in support of the ex parte temporary injunction. The injunction is vacated in all respects.
BY THE COURT
Kevin E. Booth, J. CT Page 2523