JANE LONG SMITH *v.* TRINITY UNITED METHODIST CHURCH OF SPRINGFIELD, MASSACHUSETTS*

Superior Court, Judicial District of Tolland at Rockville—File No. CV980066324S

---

*Affirmed. *Smith* v. *Trinity United Methodist Church of Springfield, Massachusetts*, 263 Conn. 135, 819 A.2d 225 (2003).

Memorandum filed May 8, 2002

*James W. Sherman,* for the plaintiffs.

*Michelle M. Begley,* for the defendant.

## INTRODUCTION

KLACZAK, J. On February 28, 1995, testatrix Evelyn Pay Long, executed a quitclaim deed of premises known as 337 Old Stafford Road in Stafford, Connecticut, to the defendant Trinity United Methodist Church of Springfield, Massachusetts (Trinity).

The testatrix died in 1997 and this action commenced in February, 1998. The plaintiffs Jane Long Smith and Jennifer Long Cleaver, executrix of the estate of the testratrix, are the testatrix' daughters; Brett Cleaver is her grandson.

The pleadings originally alleged that the quitclaim deed from the testatrix to Trinity was the product of undue influence, dominion and control, and fraudulent inducement. That allegation was specifically withdrawn at the commencement of trial. The plaintiffs also alleged that the aforementioned quitclaim deed was a legal nullity and, therefore, invalid. The validity of the deed is the issue before the court. In support of their arguments the plaintiffs have briefed the following claims.

I

First, the plaintiffs allege that the deed is ineffective because it purports to convey incompatible interests in

land to the same grantees. The plaintiffs claim that the granting clause purports to convey a life estate to the testatrix with a remainder to Trinity. They claim that the habendum clause limits the interest of both "grantees [plural]" with a "right of survivorship" with the result being an attempt to create both a successive estate (a life estate and a remainder, according to the granting clause) and simultaneous estate (concurrent ownership with rights of survivorship, according to the habendum clause). They claim the language of the two clauses is incompatible and irreconcilable, thus rendering the deed invalid.

The court disagrees. The case law in Connecticut states that when arriving at the intent of a grantor, it is permissible to consider the circumstances connected with the transaction. *Bartholomew* v. *Muzzy*, 61 Conn. 387, 393, 23 A. 604 (1892). Further, courts should construe a deed or other conveyance, if possible, to effectuate the intent of the parties. *Hare* v. *McClellan*, 234 Conn. 581, 593, 662 A.2d 1242 (1995).

The evidence adduced in the present case clearly established that the testatrix intended to create a life interest in herself and to leave a remainder interest to Trinity. Attorney Arthur D. Machado, who drafted the deed in question, testified that was her expressed intention, that she was estranged from her daughters and wished the property to go to Trinity upon her death. That was corroborated by the testimony from Edward Lindberg, a member of Trinity's board of trustees, who met with the testatrix and Machado concerning the gift, and Mark Good, the senior pastor of Trinity at the time.

The language of the quitclaim deed's granting clause, while perhaps not the routine language one might see in such a transaction, expresses the testatrix' proven

intent to create a life use in herself with a remainder interest in Trinity.[1]

There was no expressed intention that the testatrix was granting a present possessory interest to Trinity. The language of the habendum clause is not relevant to the nature of the estates intended and created by the deed. If the court is to construe a deed so as to achieve the intent of the grantor, it would be unjust to thwart that clearly expressed intent because of an ambiguous reference to "survivorship" which is not germane to that clearly expressed intent.

*Faiola* v. *Faiola*, 156 Conn. 12, 238 A.2d 405 (1968), while not exactly on point, is instructive. In *Faiola*, our Supreme Court held that confusing references between the granting and habendum clauses in a deed did not otherwise affect the clear intent of the grantor.

II

Second, the plaintiffs allege that the deed is not ambiguous and may not be interpreted by reference to extraneous factual background. For the reasons discussed previously, the court disagrees with the plaintiffs' interpretation that the conflicting language between the granting and habendum clause does not create some ambiguity. One of the dictionary definitions of ambiguous is "capable of being understood in two or more possible senses or ways" as defined in Merriam-Webster's Collegiate Dictionary (10th Ed. 1993), which is precisely the argument previously made by the plaintiffs in part I of this memorandum of decision. It is

---

[1] The granting clause states: "KNOW YE that I, Evelyn Pay Long, of the Town of Stafford, County of Tolland and State of Connecticut, for no consideration paid, do give, grant, bargain, sell, confirm and quit claim unto myself for life and then unto Trinity United Methodist Church of the City of Springfield, County of Hampden and Commonwealth of Massachusetts and unto its successors and assigns forever all of that certain piece or parcel of land, with any improvements thereon, having a street address of 337 Old Springfield Road, Stafford, Connecticut 06075 . . . ."

appropriate for the court to consider the interest of the parties and, especially, the grantor in such cases.

### III

Third, the plaintiffs allege that the deed is ineffective because the intent of the testatrix or grantor was testamentary. The court does not agree the deed was testamentary. It is clear for the reasons previously stated herein that the testatrix retained a life interest in the property and upon her death the remainder, the unencumbered fee, would pass to Trinity, the remainderman. As stated by the court in its memorandum of decision on the plaintiffs' motion for summary judgment: "There can be no question but that the holder of the fee could convey to a third party the fee, subject to and reserving for herself a life estate. That is a common method to retain a life estate." *Smith* v. *Trinity United Methodist Church of Springfield, Massachusetts*, Superior Court, judicial district of Tolland at Rockville, Docket No. CV98-0066324S (March 3, 2000) (*L. Paul Sullivan, J.*). That same decision then went on to conclude that the testatrix could convey to herself a lesser estate while simultaneously granting the reversion to Trinity.

The language cited by the plaintiffs in their posttrial brief does not contradict that intent; in fact, several quotes by church officers and Machado in the plaintiffs' brief support the clearly stated intent of the testatrix.

"That an instrument is in the form of a deed, as this on the whole was, is some indication of the transferor's intention presently to convey an interest." *Dennen* v. *Searle*, 149 Conn. 126, 139, 176 A.2d 561 (1961).

The plaintiffs further argue as evidence that the testatrix considered the deed as ambulatory or testamentary the fact that she subsequently deeded a portion of the same property to her grandson. On May 27, 1997, the testatrix did quitclaim a portion of the property to her

grandson, Brett Cleaver, for no consideration, reserving for herself, "so long as she shall live or until she releases her interest, the use and occupancy . . . ." This conveyance to Brett Cleaver was approximately two years and three months after the deed to Trinity.

The court is not persuaded that this quitclaim deed to Brett Cleaver disproves her intention to convey a present remainder interest to Trinity in 1995. When, in 1997, the testatrix quitclaimed a portion of the property previously conveyed to Trinity, she had only a life interest in it and, legally, could not convey more than that. Trinity, however, may or may not have an objection to Brett Cleaver taking a fee interest in the piece quitclaimed to him, especially in view of the fact that it paid no consideration for the property deeded to it. If Trinity has no objection, presumably corrective deeds can be drafted. If Trinity questions the validity of the deed granting Brett Cleaver a remainder interest in a piece of the property, that would be a matter for another day. The conclusion of this court is that when the testatrix conveyed the remainder interest to Trinity in 1995, it was not a testamentary or ambulatory transaction. Her intention at the time was clear and unequivocal. Her unexplained later actions do not alter what her intent was in 1995.

IV

Fourth, the plaintiffs allege that the deed is ineffective because it does not purport to convey an interest in land, that would enable another to restrict her use or disposition of the property.

This argument requires little comment. The court, having concluded that the deed to Trinity did convey a present interest in the property, and not a contingent remainder, the plaintiffs' argument fails. The plaintiffs

misstate that attorney Michael D. O'Connell, Trinity's expert, characterized the deed as creating a contingent remainder. In his affidavit, O'Connell posited that the deed established a possessory interest in the testatrix during her lifetime, followed by a vested, unqualified fee interest in Trinity thereafter. It was attorney Stephen G. Utz, the plaintiffs' expert, who posited the deed purported to convey a contingent remainder.

## IV

Fifth, and finally, the plaintiffs allege that the deed is ineffective because it was not accepted by the only named grantee apart from the grantor. Clearly, the deed was accepted. There were discussions between Trinity officials, the testatrix and her attorney. Trinity knew it would take the property (in laymen's terms) at the death of the testatrix. Trinity has paid out more than $18,000 in taxes, repairs and maintenance since her death. There is a rebuttable presumption that a recorded deed is accepted. The evidence clearly establishes acceptance by Trinity, which has not been rebutted.

## CONCLUSION

Judgment shall enter in favor of Trinity.