## LUBA HILL *v.* PHILIP BARTELS ET AL.
### (AC 22276)

Foti, Schaller and West, Js.

Submitted on briefs September 16—officially released November 19, 2002

*Luba Hill,* pro se, the appellant (plaintiff), filed a brief.

*Paul E. Pollock* filed a brief for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Luba Hill, appeals from the judgment of the trial court rendered after it granted the motion for a nonsuit filed by the defendants, Philip Bartels, the law firm of Holland, Kaufmann and Bartels, and the law firm of Duel and Holland. The plaintiff claims that the court improperly (1) granted the defendants' motion for a nonsuit and (2) overruled her objection to the granting of the motion. We decline to review the plaintiff's claims.

The defendants represented the plaintiff in her divorce proceedings from June, 1992, through January, 1993, when the plaintiff terminated the relationship. In June, 1998, the plaintiff brought an action against them

alleging extortion, legal malpractice, breach of the duty of care, intentional infliction of emotional distress, negligence, reckless conduct, abuse of power as an attorney, concealment of theft, misappropriating trust funds, fraud, perjury, mental suffering and violations of the Connecticut Unfair Trade Practices Act. The defendants thereafter filed a request to have the plaintiff revise her complaint in October, 1998, seeking to have her file a "plain and concise statement of the material facts" alleged. The plaintiff filed her revised complaint, consisting of 455 counts, in November, 1998. The defendants filed a second request to revise in February, 1999, and the plaintiff responded by filing another revised complaint in March, 1999, consisting of 528 counts. In October, 2000, the defendants filed a third request to revise, to which the plaintiff never responded.

On December 21, 2000, a judgment of dismissal was rendered. The plaintiff subsequently filed a motion to open the judgment of dismissal, which was granted. The defendants then filed a motion for nonsuit, which was granted by the court.

On appeal, the plaintiff claims that the court improperly granted the defendants' motion for a judgment of nonsuit and overruled her objection to the granting of the nonsuit because the defendants' motion was not signed and she never received the defendants' request to revise, which was the basis for the filing of the motion for a judgment of nonsuit. The plaintiff, however, cites no legal authority to support her claims. We decline to address the plaintiff's claims. "[W]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Citation omitted; internal quotation marks omitted.) *Wren* v. *MacPherson Interiors, Inc.*, 69 Conn. App. 349, 359, 794 A.2d 1043 (2002). "Where the parties cite no

law and provide no analysis of their claims, we do not review such claims." (Internal quotation marks omitted.) *Baris* v. *Southbend, Inc.*, 68 Conn. App. 546, 551, 791 A.2d 713 (2002). We decline, therefore, to review the plaintiff's claims and deem them abandoned.

The judgment is affirmed.