## JANE LONG SMITH ET AL. *v.* TRINITY UNITED METHODIST CHURCH OF SPRINGFIELD, MASSACHUSETTS (SC 16928)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued March 13—officially released April 15, 2003

*James W. Sherman,* for the appellants (plaintiffs).

*Michelle M. Begley,* for the appellee (defendant).

*Opinion*

PER CURIAM. In this appeal,[1] the plaintiffs, Jane Long Smith, Brett Cleaver and Jennifer Long Cleaver, the executrix of the estate of Evelyn Pay Long (decedent), appeal from the judgment of the trial court, in favor of the defendant, Trinity United Methodist Church of Springfield, Massachusetts, on the plaintiffs' claim regarding the construction of a certain deed from the decedent to the defendant. The plaintiffs claim that the trial court improperly: (1) determined that the language of the deed was ambiguous so as to permit the court to rely on extraneous evidence to ascertain the decedent's intent in executing the deed; and (2) concluded that

---

[1] The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

the doctrine of the destructibility of contingent remainders did not apply to the deed.[2]

Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgment of the trial court should be affirmed. The issues were resolved properly in the trial court's complete and well reasoned memorandum of decision. See *Smith* v. *Trinity United Methodist Church of Springfield, Massachusetts*, 47 Conn. Sup. 618, 821 A.2d 291 (2002). Because that memorandum of decision fully addresses the arguments raised in this appeal, we adopt it as a proper statement of the issues and the applicable law concerning those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Davis* v. *Freedom of Information Commission*, 259 Conn. 45, 55–56, 787 A.2d 530 (2002).

The judgment is affirmed.

---

[2] In their brief and oral argument before this court, the plaintiffs also claimed that the trial court improperly rejected their claim that the decedent had held the property only as trustee and, therefore, had no power to convey it to the defendant. Our examination of the record, however, discloses that the plaintiffs did not present this claim to the trial court. Moreover, the trial court did not advert to such a claim in its memorandum of decision, and the plaintiffs did not seek an articulation regarding any such claim. We, therefore, decline to consider it in the present appeal.