NANCY BURTON *v.* STATEWIDE
GRIEVANCE COMMITTEE
· (AC 23132)

Dranginis, Bishop and Dupont, Js.

Argued May 6—officially released September 9, 2003

*Nancy Burton,* pro se, the appellant (plaintiff).

*Michael P. Bowler,* assistant bar counsel, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Nancy Burton, appeals from the judgment of the trial court dismissing her appeal from the reprimand issued to her by the defendant, the statewide grievance committee (committee). The committee had affirmed the decision of its reviewing committee, reprimanding the plaintiff for a violation of rule 8.2 (a) of the Rules of Professional Conduct.[1]

The plaintiff claims that the court improperly concluded (1) that the record supported the factual findings of the committee by clear and convincing proof, and (2) that the statements she made that were found to be in violation of the Rules of Professional Conduct were not protected by the first amendment to the United States constitution.[2]

Our examination of the record and briefs and our consideration of the arguments of the parties persuades

---

[1] Rule 8.2 (a) of the Rules of Professional Conduct provides: "A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office."

[2] The plaintiff also claimed that there was a due process violation in the grievance proceedings, which flowed from a due process violation that was found in *Burton* v. *Statewide Grievance Committee,* 60 Conn. App. 698, 760 A.2d 1027 (2000). The plaintiff's brief contains insufficient legal analysis and authority for that claim. Accordingly, we will not afford it review. See *State* v. *Davila,* 75 Conn. App. 432, 441 n.6, 816 A.2d 673, cert. denied, 264 Conn. 909, 826 A.2d 180 (2003).

us that the judgment should be affirmed. The issues were resolved properly in the court's complete and well reasoned memorandum of decision. See *Burton* v. *Statewide Grievance Committee*, 48 Conn. Sup. 94, 830 A.2d 1205 (2002). Because that memorandum of decision fully addressed the arguments raised in this appeal, we adopt it as the proper statement of the issues and the applicable law concerning those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Smith* v. *Trinity United Methodist Church of Springfield, Massachusetts*, 263 Conn. 135, 136, 819 A.2d 225 (2003), citing *Davis* v. *Freedom of Information Commission*, 259 Conn. 45, 55–56, 787 A.2d 530 (2002).

The judgment is affirmed.