## NANCY BURTON *v.* STATEWIDE GRIEVANCE COMMITTEE
### (AC 23557)

Foti, Schaller and Dupont, Js.

Argued October 17—officially released December 16, 2003

*Nancy Burton*, pro se, the appellant (plaintiff).

*Michael P. Bowler*, assistant bar counsel, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Nancy Burton, appeals from the judgment of the trial court dismissing her appeal from the reprimand issued to her by the defendant, the statewide grievance committee (committee). The committee had affirmed the decision of its reviewing committee, reprimanding the plaintiff for a violation of rule 3.1 of the Rules of Professional Conduct.[1] On appeal to this court, the plaintiff claims that the court (1) improperly concluded that there was clear and convincing evidence that she violated rule 3.1 and (2) improperly denied her motion for reargument. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of the plaintiff's appeal. The grievance giving rise to the reprimand at issue arose from the plaintiff's behavior during a previous administrative appeal. See *Burton* v. *Statewide Grievance Committee*, 60 Conn. App. 698, 760 A.2d 1027 (2000). On July 29, 1998, the day before a scheduled hearing before the court, *McWeeny, J.*,[2] in that appeal, the plaintiff filed a five count lawsuit[3] in the United States District Court for the District of Connecticut, naming several judges, including Judge McWeeny, as defendants.[4] On July 30,

---

[1] Rule 3.1 of the Rules of Professional Conduct provides: "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established."

[2] On June 4, 1998, the court issued a notice, with Judge McWeeny's name on it, to the plaintiff stating that "oral argument in the above captioned case is scheduled for July 30, 1998, at 10:00AM in Courtroom A of 100 Washington Street in Hartford."

[3] *Burton* v. *Moraghan*, United States District Court, Docket No. 3:98 CV 1490 (AHN) (D. Conn.).

[4] It is noteworthy that in the last paragraph of each of the five counts, the complaint states that "[d]efendant McWeeny is excluded from this Count."

1998, the day of the scheduled hearing in the administrative appeal, the plaintiff filed a motion to disqualify[5] Judge McWeeny, who denied the motion, stating: "The court will not recuse itself on the basis of an eleventh hour motion that does not comply with Practice Book § 1-23 and contains only a vague, conclusory allegation that the judicial authority is not impartial."

After rendering his memorandum of decision dismissing that appeal, Judge McWeeny referred the plaintiff to the committee for investigation.[6] The committee referred the matter to the Fairfield judicial district grievance panel, which filed a complaint that was then assigned to the Danbury judicial district grievance panel (Danbury panel) to determine whether there was probable cause of misconduct. The Danbury panel found probable cause and notified the committee, which held a hearing before a three person reviewing committee. On September 29, 2000, the reviewing committee issued its written decision, concluding that there was clear and convincing evidence that the plaintiff had violated rule 3.1 of the Rules of Professional Conduct by failing to file her July 30, 1998 motion to disqualify in accordance with Practice Book § 1-23.[7]

The statewide grievance committee, in response to the plaintiff's request for review, affirmed the decision

[5] The plaintiff had filed a previous motion to disqualify Judge McWeeny in February, 1998. That motion was denied by Judge McWeeny on April 13, 1998, because the plaintiff did not comply with Practice Book § 1-23 concerning motions for judicial disqualification.

[6] Although Judge McWeeny referred the plaintiff for investigation of issues of compliance with Rules of Professional Conduct 3.1, 8.2 (a) and 8.4 (4), the only rule violation that is relevant to the present appeal is that of rule 3.1.

[7] Practice Book § 1-23 provides: "A motion to disqualify a judicial authority shall be in writing and shall be accompanied by an affidavit setting forth the facts relied upon to show the grounds for disqualification and a certificate of the counsel of record that the motion is made in good faith. The motion shall be filed no less than ten days before the time the case is called for trial or hearing, unless good cause is shown for failure to file within such time."

of the reviewing committee. The plaintiff then appealed from the committee's decision to the court pursuant to Practice Book § 2-38.[8] The court dismissed the appeal, concluding that the record supported the committee's finding of a violation of rule 3.1. On September 12, 2002, the plaintiff filed a motion for reargument and to vacate, which the court denied on September 27, 2002.

The plaintiff then filed the present appeal with this court, claiming that the trial court (1) improperly concluded that there was clear and convincing evidence that she had violated rule 3.1 of the Rules of Professional Conduct and (2) improperly denied her motion for reargument. We do not agree. Because both of the plaintiff's claims on appeal center on her repeated contention that she did comply with Practice Book § 1-23, we will address the claims jointly.

"At the outset, we note that in reviewing a decision of the statewide grievance committee to issue a reprimand, neither the trial court nor this court takes on the function of a fact finder. Rather, our role is limited to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct. . . . Additionally, in a grievance proceeding, the standard of proof applicable in determining whether an attorney has violated the [Rules] of Professional [Conduct] is clear and convincing evidence." (Internal quotation marks omitted.) *Somers* v. *Statewide Grievance Committee*, 245 Conn. 277, 290, 715 A.2d 712 (1998).

In its memorandum of decision, the court stated: "Practice Book § 1-23 establishes the requirements for a motion for disqualification of a judicial authority. These

---

[8] Practice Book § 2-38 (a) provides in relevant part: "A respondent may appeal to the superior court a decision by the statewide grievance committee or a reviewing committee reprimanding the respondent . . . ."

rules serve to protect the integrity of the judicial process. The rule very plainly and simply requires that the motion be in writing 'accompanied by an affidavit setting forth the facts relied upon to show the grounds for disqualification and a certificate of the counsel of record that the motion is made in good faith. . . .' Practice Book § 1-23. The rule also requires that the motion be made 'no less than ten days before the time the case is called . . . for hearing, unless good cause is shown for failure to file within such time.' Practice Book § 1-23. The plaintiff made her motion in writing, accusing Judge McWeeny of not being impartial, unaccompanied by an affidavit or a certificate of good faith, on July 30, 1998, the day the hearing was scheduled pursuant to a notice dated June 4, 1998. She claimed good cause for late filing on the grounds that she did not know that Judge McWeeny would be hearing her case that day. The plaintiff's claims are not credible for several reasons: (1) the plaintiff admittedly received notice of the hearing on her administrative appeal signed by Judge McWeeny and dated June 4, 1998; (2) in February, 1998, she made a prior attempt to disqualify Judge McWeeny, which was denied on April 13, 1998, for failure to comply with the affidavit and certificate of good faith requirements of Practice Book § 1-23; (3) the federal lawsuit filed on July 29, 1998, names Judge McWeeny but seeks no relief against him, which suggests that it was not filed in good faith but for the express purpose of creating a reason to seek his disqualification; (4) paragraph thirty-four of the complaint in the federal lawsuit alleges that a hearing on her appeal was scheduled for 'July 30, 1998 at 10 a.m. before Defendant [Judge] McWeeny'; (5) the lawsuit in and of itself is not grounds for disqualification, otherwise any judge at any time could be disqualified by the filing of a lawsuit; and (6) the plaintiff's repeated statements to the grievance panel and [the trial] court in her brief and at oral argument that she

was 'never provided with notice of a judicial assignment . . . nor did the [committee] produce such evidence' . . . is belied by the fact that the notice she received from the [trial] court . . . was signed with Judge McWeeny's name. While this notice alone may not have guaranteed that Judge McWeeny would have heard her appeal, it certainly put her on notice of the substantial likelihood that he would, given his predominant role in connection with administrative appeals and his consistent involvement in the plaintiff's appeal throughout.

"Finally . . . a charge that a judge is not impartial implicates not only the fundamental concept of a fair trial, but the very integrity of the trial court. *Wendt* v. *Wendt*, 59 Conn. App. 656, 691–97, 757 A.2d 1225, cert. denied, 255 Conn. 918, 763 A.2d 1044 (2000). Such motions are treated extremely seriously, so much so that '[t]he lawyer codes [of professional responsibility] express a special obligation not to criticize judges through false accusations . . . .' Id., 697, citing Rules of Professional Conduct 3.1 and 8.2. Practice Book § 1-23 exists to ensure that motions to disqualify judges are made on solid ground substantiated by the trial record and not for any improper reason. Because the plaintiff failed to comply with any of the three essential requirements of Practice Book § 1-23, the reviewing committee could reasonably infer that the plaintiff's motion to disqualify Judge McWeeny was not meritorious and in violation of rule 3.1." For all the aforementioned reasons, the court determined that the evidence in the record supported the defendant's finding of a violation of rule 3.1 by clear and convincing evidence.

Our examination of the record and briefs and our consideration of the arguments of the parties persuades us that the court's judgment should be affirmed. Because the quoted portion of the court's memorandum of decision fully addresses the arguments raised in the present appeal, we adopt it as the proper statement

of the issues and the applicable law concerning those issues. See *Smith* v. *Trinity United Methodist Church of Springfield, Massachusetts,* 263 Conn. 135, 136, 819 A.2d 225 (2003).

The judgment is affirmed.