### ELIZABETH HAYES *v.* YALE-NEW HAVEN HOSPITAL ET AL.
### (AC 22250)

Lavery, C. J., and Bishop and DiPentima, Js.

Argued January 15—officially released March 16, 2004

*Alexander Scheirer*, with whom, on the brief, were *Rebecca L. Johnson* and *Earl I. Williams*, for the appellant (plaintiff).

*Margaret P. Mason*, with whom, on the brief, was *Paul L. Bader*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Elizabeth Hayes, appeals from the judgment of the trial court, rendered after a trial to the court, in favor of the defendants, Yale-New Haven Hospital (hospital), Alvin Johnson and Leo Cooney, in this action in which she alleged that she had been wrongfully discharged from her employment at the hospital.[1] On appeal, the plaintiff raises nine issues in support of her contention that the judgment should be reversed. We disagree, and, accordingly, affirm the judgment of the trial court.

The operative complaint in this action contained eleven counts alleging (1) breach of implied contract against the hospital, (2) breach of express contract against the hospital, (3) tortious interference with contract against Cooney, (4) tortious interference with contract against Johnson, (5) fraud against the hospital, (6) promissory estoppel against the hospital, (7) intentional infliction of emotional distress against all the defendants, (8) negligent infliction of emotional distress against all the defendants, (9) violation of the Connecticut Fair Employment Practices Act, General Statutes § 46a-60 (a) (1),[2] (10) discrimination on the basis of

[1] Johnson was the vice president of employee relations for the hospital. Cooney was acting as the interim director of the Adler Geriatric Assessment Center at the hospital at the time of the events of which the plaintiff complained. He was the plaintiff's direct supervisor at the Adler Geriatric Assessment Center.

[2] Prior to the commencement of trial, the court, *Devlin, J.*, granted the defendants' motion to dismiss count nine on the ground that the plaintiff's failure to obtain a release from the commission on human rights and opportunities (commission) deprived the court of subject matter jurisdiction to consider that claim. The plaintiff challenges that ruling on appeal, arguing that she exhausted the administrative remedies available to her. We conclude that the court properly dismissed count nine due to the plaintiff's failure to obtain a release from the commission. See General Statutes §§ 46a-100, 46a-101; see also *Angelsea Productions, Inc.* v. *Commission on Human Rights & Opportunities*, 248 Conn. 392, 405, 727 A.2d 1268 (1999) (employee

race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against the hospital, and (11) retaliation (for having successfully pursued an earlier grievance) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., against the hospital. The court, in a thorough and comprehensive memorandum of decision, concluded that the plaintiff had failed to prove any of the claims against any of the defendants.[3] The court, therefore, rendered judgment in favor of the defendants and against the plaintiff. The plaintiff then filed the present appeal.

Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgment should be affirmed. The issues were resolved properly in the court's complete and well reasoned memorandum of decision. See *Hayes* v. *Yale-New Haven Hospital*, 48 Conn. Sup. 311, 844 A.2d 258 (2001). Because that memorandum of decision fully addresses the arguments raised in this appeal, we adopt it as the proper statement of the issues and the applicable law concerning those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Renaissance Management Co.* v. *Commissioner of Revenue Services*, 267 Conn. 188, 191–92, 836 A.2d 1180 (2003); *Burton* v. *Statewide Grievance Committee*, 79 Conn. App. 364, 365–66, 829 A.2d 927, cert. denied, 267 Conn. 903, 838 A.2d 209 (2003).

The judgment is affirmed.

---

"can only bring a civil action against the [employer] if she requests and obtains a release from the [commission]").

[3] Pursuant to Practice Book § 15-8, the court dismissed counts three, four, seven and eleven at the close of the plaintiff's case.