LEONARD TALTON *v.* COMMISSIONER OF
CORRECTION
(AC 24269)

Lavery, C. J., and Bishop and DiPentima, Js.

Argued June 8—officially released August 24, 2004

*Kirstin B. Coffin*, special public defender, for the appellant (petitioner).

*John A. East III*, senior assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Leonard Talton, appeals from the habeas court's denial of his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that he was provided with effective assistance of counsel. We affirm the judgment of the habeas court.

On November 13, 1998, a jury convicted the petitioner of murder in violation of General Statutes § 53a-54a, conspiracy to commit murder in violation of General Statutes §§ 53a-54a and 53a-48 (a), criminal possession of a firearm in violation of General Statutes § 53a-217 (a) and carrying a pistol without a permit in violation of General Statutes § 29-35. We affirmed the conviction on direct appeal. *State* v. *Talton*, 63 Conn. App. 851,

853, 779 A.2d 166, cert. denied, 258 Conn. 907, 782 A.2d 1250 (2001).

The petitioner subsequently filed a second amended petition for a writ of habeas corpus on March 15, 2002. Therein, he alleged that his state and federal constitutional rights were violated because his trial attorney failed to provide effective assistance of counsel. Specifically, the petitioner alleged that trial counsel failed to investigate properly and to present an alibi defense. After a hearing, the court concluded that the petitioner had failed to produce sufficient evidence to overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. The court thereafter granted the petition for certification to appeal to this court.

Our examination of the record and briefs and our consideration of the arguments of the parties persuades us that the judgment should be affirmed. The issues were resolved properly in the habeas court's complete and well reasoned memorandum of decision.[1] See *Talton* v. *Warden*, 48 Conn. Sup. 625, 855 A.2d 1051 (2003). Because that memorandum of decision fully addresses the arguments raised in this appeal, we adopt it as the proper statement of the issues and the applicable law concerning those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Renaissance Management Co.* v. *Commissioner of Revenue Services*, 267 Conn. 188, 191–92, 836 A.2d 1180 (2003); *Burton* v. *Statewide Grievance Committee*, 79 Conn. App. 364, 365–66, 829 A.2d 927, cert. denied, 267 Conn. 903, 838 A.2d 209 (2003).

The judgment is affirmed.

[1] The petitioner also claims that the court improperly relied on hearsay testimony in its judgment. Although that issue was not resolved in the court's memorandum of decision, a thorough review of the record reveals that the testimony in question was relied on not for its truth but rather for its effect on the petitioner's counsel. As such, we conclude that the testimony was not hearsay, and the petitioner's claim is without merit. See *State* v. *Cruz*, 212 Conn. 351, 356, 562 A.2d 1071 (1989).