******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TROY LITTLE *v.* COMMISSIONER OF CORRECTION
(AC 33910)

Gruendel, Lavine and Sheldon, Js.

*Argued December 5, 2013—officially released January 14, 2014*

(Appeal from Superior Court, judicial district of Tolland, Fuger, J. [motion to consolidate]; Bright, J. [judgment, certification petition].)

*Justin R. Clark*, assigned counsel, for the appellant (petitioner).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *David Clifton*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Troy Little, appeals following the denial of his petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. He claims that the habeas court abused its discretion when it denied his petition for certification to appeal and improperly concluded that he had not established that his trial and appellate counsel rendered ineffective assistance. We dismiss the appeal.

The petitioner was involved in a shooting incident in New Haven on August 16, 2000, that resulted in the death of Kishawn Council. See *State* v. *Little*, 88 Conn. App. 708, 710–11, 870 A.2d 1170, cert. denied, 274 Conn. 916, 879 A.2d 895 (2005). His arrest and a jury trial followed, at the conclusion of which the petitioner was found guilty of manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a and carrying a pistol without a permit in violation of General Statutes § 29-35 (a). The trial court rendered judgment accordingly and sentenced the petitioner to a total effective term of thirty-two years incarceration. This court affirmed that judgment of conviction on direct appeal. Id., 720.

In December, 2010, the petitioner filed an amended petition for a writ of habeas corpus alleging ineffective assistance of his trial and appellate counsel. In that petition, he averred that trial counsel failed (1) to communicate to him a plea bargain offer made by the state, (2) to examine a key witness properly, and (3) to request "any language to balance" the court's jury charge on consciousness of guilt. He further alleged that his appellate counsel failed to address the consciousness of guilt charge adequately in the direct appeal. Following a trial, the habeas court rejected those claims and denied the petition. The petitioner then filed a petition for certification to appeal to this court, which the habeas court denied.

The habeas court's denial of the petition for a writ of habeas corpus was predicated on a factual review of the petitioner's claims that he was denied the effective assistance of trial and appellate counsel, and a determination that the petitioner had failed to rebut the strong presumption that his counsels' "conduct [fell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992). In a thoughtful and comprehensive memorandum of decision, the habeas court analyzed the petitioner's claims and the law applicable thereto. Because the court's memorandum of decision fully addresses the issues raised in this appeal, we adopt it as a proper statement of the facts and the applicable law. See *Little* v. *Warden*, 53 Conn. Supp. 236,      A.3d     (2011). It would serve no useful purpose for us to repeat the

discussion contained therein. See *Talton* v. *Commissioner of Correction*, 84 Conn. App. 608, 609, 854 A.2d 764, cert. denied, 271 Conn. 930, 859 A.2d 585 (2004).

To prevail in this appeal, the petitioner must, as a threshold matter, demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Emphasis omitted; internal quotation marks omitted.) *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). We conclude that the petitioner has not met that substantial burden. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, supra, 616.

The appeal is dismissed.

---